CUDAHY PACKING CO. OF NEBRASKA v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 3778.   Decided April 24, 1922.   Rehearing denied May 23, 1922.
(207 Pac. 148.)

1. MASTER AND SERVANT—INJURY WHILE GOING TO WORK HELD ONE "ARISING OUT OF OR IN THE COURSE OF EMPLOYMENT" WITHIN COMPENSATION ACT. Where the location of a packing plant near railroad tracks made it necessary for employés going to work to cross the tracks on a public road at a point 100 feet from the entry to the plant and one was struck and killed by an engine while riding to work in an automobile owned by a fellow employé, the death was caused by accident arising out of or in the course of his employment, wheresoever such injury occurred, within the Workmen's Compensation Act, Comp. Laws Utah 1917, § 3113, amended by Laws 1919, c. 63.

2. CONSTITUTIONAL LAW—MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT NOT UNCONSTITUTIONAL. Workmen's Compensation Act (Comp. Laws Utah 1917, § 3113, as amended by Laws 1919, c. 63), authorizing compensation for an injury "wheresoever such injury has occurred," should be construed in connection with and as a part of the entire section, and, when so construed, it follows that the accident, "wheresoever it has occurred," must also arise out of or in the course of employment,

and does not infringe the due process clause of Const. art. 1, § 7, nor Const. U. S. art. 14, § 1.[1]

Proceedings under the Workmen's Compensation Law by the dependents of Joseph Parramore, deceased, against the Cudahy Packing Company of Nebraska, employer, to recover compensation for decedent's death. The Industrial Commission of Utah made an award, and the employer seeks annulment by writ of review.

AWARD AFFIRMED.

*Booth, Lee, Badger & Rich,* of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen. and *J. Robert Robinson,* Asst. Atty. Gen., for commission.

*F. C. Loofbourow,* of Salt Lake City, for dependents.

GIDEON, J.

The plaintiff, Cudahy Packing Company, by writ of review seeks the annulment of an award made by the Industrial Commission in favor of the dependents of Joseph Parramore, deceased. The dependents and the Industrial Commission are made defendants.

There is no dispute about the dependency of the claimants, nor of the fact of employment or wages deceased received.

The plaintiff owns and operates a packing plant in what is known as North Salt Lake, in Davis county, about six miles north from Salt Lake City. More than 40 per cent. of its employés reside in Salt Lake City. Other employés reside in Bountiful, Centerville, and other villages located farther

---

[1] *Ind. Com.* v. *Daly Min. Co.,* 51 Utah, 602, 172 Pac. 301; *Garfield Smelting Co.* v. *Ind. Com.,* 53 Utah, 133, 178 Pac. 57; *Ind. Com.* v. *Evans,* 52 Utah, 394, 174 Pac. 825; *Reteuna* v. *Ind. Com.,* 55 Utah, 258, 185 Pac. 535; *Utah Copper Co.* v. *Ind. Com.* 57 Utah, 118, 193 Pac. 24; *Salt Lake City* v. *Ind. Com,* 58 Utah, 314, 199 Pac. 152.

north. Few, if any, of the employés have homes in the immediate vicinity of the packing plant. The plant is approximately one-half mile west of the Salt Lake-Ogden highway. This highway runs north and south. A county road runs west from and at right angles to the Salt Lake-Ogden highway and extends to and beyond the packing plant. A short distance from the highway the county road crosses at right angles the tracks of the Bamberger Electric Railroad. From that point west the county road is the only roadway leading to the packing plant.

The deceased was employed by the plaintiff as an engineer. His hours of work were from 7 a. m. to 4 p. m. On the morning of the accident, August 9, 1921, while riding to work with a fellow employé, he was struck by an engine on the Denver & Rio Grande Western Railroad track and instantly killed. The distance from the place of the accident to the entry to plaintiff's plant was about 100 feet. The Commission, among other things, found:

"* * * That on said date three workmen, including Mr. Parramore, all of whom lived in Salt Lake City, were traveling in an automobile owned by one of the workmen, approaching the plant where they were employed; that while crossing the main line tracks of the Denver & Rio Grande Western Railroad Company, which tracks were alongside the land upon which is located the plant of the Cudahy Packing Company, the automobile in which they were riding was struck by an engine of the railroad company and Joseph Parramore thrown against a post in the right of way fence, which fence also inclosed the property of the Cudahy Packing Company, and was instantly killed; that within half a mile of the plant of the Cudahy Packing Company, where Mr. Parramore was employed, it was necessary that Mr. Parramore pass over the main line tracks of the Bamberger Electric Railway Company and the main line tracks of the Oregon Short Line Railroad Company, and the main line tracks of the Denver & Rio Grande Western Railroad Company, and three side tracks and transfer tracks between these various lines of railroad; that the Cudahy Packing Company furnished its employés no method of travel or conveyance in coming to or leaving the plant, and most of the employés of the company lived in such localities that it was necessary that they should travel, to and from their work, the road which crossed the railroad tracks above mentioned; that the plant of the Cudahy Packing Company is dependent upon shipping facilities furnished by the railroads, and

by necessity the near proximity of the railroads is essential to the successful operation of the plant; that the death of Mr. Parramore occurred about seven minutes before the time at which he was to commence work; that the Cudahy Packing Company does not furnish at its plant either board or lodging; that there are no public conveyances that could carry employés directly to the plant; that employés who went to their work by street cars or by the Bamberger Electric Railway must cross the railroad tracks above mentioned, either on foot or by private conveyance; that Mr. Parramore at the time he was killed was using the most direct and practicable route to the plant of the Cudahy Packing Company and the one ordinarily traveled by a majority of the employés, and by all the employés residing in Salt Lake City."

The findings are supported by competent evidence found in the record. It likewise appears that practically all travel over this county road is that of the employés and others going to the packing plant, or persons having business with the stockyards located just north of that plant. In certain seasons of the year sheep are herded in the western part of the country and are driven over this county road, but it is quite apparent that the way is maintained and kept in repair for the benefit of persons traveling to and from the plaintiff's plant.

Upon substantially the foregoing facts an award was made. Plaintiff assails that award. The controlling question before the Commission, and the one before this court is: Did the accident which caused the death of Parramore arise out of or in the course of the employment? It is insisted by plaintiff that the findings are not supported by the testimony; that under the admitted facts the injury is not compensable under the Workmen's Compensation Act of this state; that the relation of employer and employé did not exist at the time of the accident. The act provides for compensation to every employé whose employment is subject to the act, if injured "by accident arising out of, or in the course of his employment, wheresoever such injury has occurred." Section 3113, Comp. Laws Utah 1917, as amended by chapter 63, Laws Utah 1919.

Our Workmen's Compensation Act differs from a majority of the states, in that our statute uses the disjunctive, "or,"

while in most of the compensation laws the conjunctive, "and," is found. The compensation law as originally enacted in 1917 provided compensation for injuries arising out of and in the course of the employment. The act was amended in 1919 to read as above quoted. It is apparent, therefore, that the Legislature by the amendment intended to include within the statute accidents not covered by the original act.

The courts generally agree in principle respecting the elements to be considered in determining what accidents are included in the words "arising out of and in the course of the employment." The Supreme Judicial Court of Massachusetts, in *Re McNicol*, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306, has given probably as satisfactory and comprehensive a definition of these terms as can be found in any of the cases. It is not, however, necessary or desirable in the determination of this case to attempt a definition of these terms or to differentiate between accidents arising out of or in the course of the employment. If there is liability for the injury under consideration, it must be founded upon the inferable fact that the danger incident to crossing this railroad track, by reason of its location and proximity to the packing plant, must be held to have been within the contemplation of the parties at the date of the employment. The accident would therefore both arise out of and occur in the course of employment. No other theory finds support in the decisions of the reported cases. It is admitted that deceased was not on the premises of the plaintiff at the time of the accident. He was not at that time engaged in any actual work connected with his employment. The engine that ran down the automobile was in no way under the control of the plaintiff, nor was it engaged in any work for or in plaintiff's behalf. The engine was under the control of the railroad company and was running south on the main line of that road.

The Commission also found, and it is undisputed, that the plaintiff did not control nor in any way attempt to control the method or manner of travel to or from work by any of its employés. Neither did the plaintiff furnish any means of conveyance. That was left entirely with the individual employé.

It is argued by counsel for plaintiff that the Commission's finding "that the plant of the Cudahy Packing Company is dependent upon shipping facilities furnished by the railroads, and by necessity the near proximity of the railroads is essential to the successful operation of the plant," is erroneous and is not supported by the evidence. In our judgment that finding is not controlling or of much significance. It is undoubtedly true that the successful operation of a packing plant is dependent upon railroad facilities, but that dependence is common to a large percentage of all manufacturing institutions. The proximity of a railroad is a matter of convenience to industries dependent upon shipping facilities. Such facts alone cannot determine the right of claimants to compensation. As above indicated, if plaintiff is liable for the accident, it must be upon some other ground than the mere fact of the convenience of having a railroad near its plant or of its dependence upon shipping facilities.

It was customary, in fact absolutely necessary, for employés going to the plant to work to pass over and across these railroad tracks on the public road where the accident happened. No other means or way existed by which employés could get to the plant. Employés in Salt Lake City had three ways of going to their work—either by street railway, along the highway, or over the Bamberger Electric Railroad. That election of the way of travel existed until the employés reached the county road running west from the station of the Bamberger Electric line. That point is approximately one-third mile from the packing plant. In going west from that point over the county road, the employés necessarily cross the main line tracks of Oregon Short Line, the main line tracks of the Denver & Rio Grande Western, and three side tracks and transfer tracks. That condition existed at the time of the employment of deceased and at the time of the accident.

Some stress is laid in the argument on the fact that the roadway over which deceased was traveling was a public highway. No reason or principle is suggested why that fact should be controlling in determining the liability for this accident. It conclusively appears, however, from the testimony,

Certiorari

that the road, while known as a county road and presumably kept in repair by the county, is there for the accommodation of the plaintiff and its employés, and it is reasonably inferable that, if the packing plant was not located there, the county highway would be abandoned as such. If the Workmen's Compensation Law authorizes or permits a recovery for an injury to an employé going to or returning from work over private property under particular circumstances or surroundings, there does not seem to be any logical reason why such liability should not exist in favor of a workman going to or returning from work over a public road under like circumstances or surroundings. If the liability exists, it is by reason of the fact that the plant or manufacturing establishment is so located that there is no other method or means of approach except over railroad tracks or other dangerous places, and that the same are in such close proximity to the plant that the employé has no election or option in determining or selecting his way of approach.

In *Procaccino* v. *E. Horton & Sons et al.*, 95 Conn. 408, 111 Atl. 594, the facts were similar to the facts here. In that case the deceased was employed in a manufacturing plant located immediately east of a canal. West of the canal were several railroad tracks and still further west was a highway. The deceased had his home west of the highway. Two footbridges were constructed over the canal from the plant to the railroad tracks. It was the custom of the deceased and other employés of the defendant manufacturing company in that case and other companies to indiscriminately use these bridges. The deceased was in the habit of going to and from his home over one of the bridges and passing over a pathway across the railroad tracks. On returning to work at the noon hour he was injured by an engine passing along one of these tracks. In discussing the right of the dependents of the deceased the court says:

"The defendants' employment of the decedent therefore contemplated that he would approach and leave the plant by passing to and from the highway over private property, including either of the footbridges and the railroad tracks parallel with Main street.

"Under these circumstances this employé was within the scope

of his employment when he was passing to or from his work at the plant over the private property lying between Main street and the plant; in other words, the use of this method of approach to the plant by this employé was an incidental term of his contract of employment annexed to it by the consent of his employers. *Merlino* v. *Connecticut Quarries Co.*, 93 Conn. 57, 104 Atl. 396.

"When this employé, under the facts found, entered upon the private property lying between Main street and the defendants' plant, he came within the zone of his employment, and all dangers and perils incident to the use of this method of approach were perils incident to and arising out of his employment."

In *Re Sundine*, 218 Mass. 1, 105 N. E. 433, L. R. A. 1916A, 318, the court, in considering the right of the claimant for compensation, said:

"Nor do we regard it as decisive against the petitioner that she was injured while upon stairs of which neither Olsen nor Dunne & Co. had control, though they and their employés had the right to use them. These stairs were the only means available for going to and from the premises, where she was employed, the means which she practically was invited by Olsen and by Dunne & Co. to use. In this respect, the case resembles *Moore* v. *Manchester Liners*, ubi supra; and that case, decided under the English act before the passage of our statute, must be regarded as of great weight. [Citing cases.]

"It was a necessary incident of the petitioner's employment to use these stairs. We are of opinion that according to the plain and natural meaning of the words an injury that occurred to her while she was so using them arose 'out of and in the course of' her employment."

In the second headnote in *Judson Mfg. Co. et al.* v. *Ind. Acc. Com.*, 181 Cal. at page 300, 184 Pac. 1, which reflects the opinion of the court, it is said:

"The death of an employé of a manufacturing company resulted from an injury arising out of his employment where he was struck and killed by an engine operated by a railroad company while he was pursuing his way to work along a path crossing the tracks, where such path, although not a public highway, was not only the sole means of ingress and egress for the employés to their place of work, but was the means of access required and authorized by the manufacturing company, and intimately associated with the company's plant as a part of its necessary establishment."

The Supreme Court of West Virginia, in *De Constantin* v. *Pub. Service Com.*, 75 W. Va. 32, 83 S. E. at page 89, L. R. A.

1916A, 329, in considering a question similar to the one pre-
sented by this record, says:

> "Since injury after termination of actual work, while on the
> premises of the employer and in pursuit of the usual way of leaving
> the same, is held to be within the course of employment and to
> have arisen out of the same, it seems clear that an injury to a work-
> man while coming to his place of work on the premises of the
> employer and by the only way of access, or the one contemplated
> by the contract of employment, must also be regarded as having
> been incurred in the course of the employment and to have arisen
> out of the same. If, in such case, injury does not occur on the
> premises, but in close proximity to the place of work and on a road
> or other way intended and contemplated by the contract as being
> the exclusive means of access to the place of work, the same prin-
> ciple would apply and govern. If the place at which the injury
> occurred is brought within the contract of employment, by the
> requirement of its use by the employé, so that he has no discretion
> or choice as to his mode or manner of coming to work, such place
> and its use seem logically to become elements or factors in the em-
> ployment, and the injury thús arises out of the employment and
> is incurred in the course thereof. But, on the contrary, if the
> employé, at the time of the injury, has gone beyond the premises of
> the employer, or has not reached them, and has chosen his own
> place or mode of travel, the injury does not arise out of his employ-
> ment, nor is it within the scope thereof."

See, also, 1 Honnold on Workmen's Comp. 1368, and *Lum-
bermen's Reciprocal Ass'n* v. *Behnken et al.* (Tex. Civ. App.)
226 S. W. 154.

Plaintiff's contention is that the deceased received the in-
jury while on his way to work at a place not under its con-
trol, and at a time when the relation of employer and em-
ployé did not exist. It is therefore argued that the deceased
was exposed to no other or greater dangers than any member
of the public traveling over this road; that any accident re-
sulting from such exposure does not entitle the injured per-
son to compensation under the Workmen's Compensation
Act, regardless of the fact of employment. Numerous cases
are cited in support of that contention, among others the
following: *In re McNicol*, 215 Mass. 497, 102 N. E. 697,
L. R. A. 1916A, 306; Honnold Work Comp. 1917, § 359;
*Kowalek et al.* v. *N. Y. Con. R. Co.*, 229 N. Y. 489, 128 N. E.
888; *United D. & R. Co.* v. *Ind. Com.*, 291 Ill. 480, 126 N. E.

184; *In re Brown,* 173 App. Div. 432, 159 N. Y. Supp. 1047, 15 N. C. C. A. 290; *Case of Fumiciello,* 219 Mass. 488, 107 N. E. 349; *City of Milwaukee* v. *Althoff,* 156 Wis. 68, 145 N. W. 238, L. R. A. 1916A, 327; *Wilson* v. *H. C. Frick Coke Co.,* 268 Pa. 256, 110 Atl. 723.

Conceding that the weight of authority denies to an employé the right to compensation for an injury received while on his way to or from his employment, the question here, in its final analysis, is: Did the particular facts surrounding this accident make this case an exception to the holdings of the courts? The Commission was of the opinion that the facts in this case warranted the conclusion that the general rule invoked by plaintiff did not apply. It is not easy, and probably not possible or desirable, to state any general rule applicable to every condition or state of facts by or under which compensation can be allowed or denied to an employé. Courts are usually controlled, in allowing or denying compensation, by the peculiar facts of each case. In *Re Bollman,* 126 N. E. 639, the Appellate Court of Indiana says:

"The question in each case must be determined from a consideration of its own facts and circumstances."

That statement is approved by the same court in a later case. *Empire H. & A. Ins. Co.* v. *Purcell* (Ind. App.) 132 N. E. 664.

Considering the findings of the Commission and the undisputed facts which appear in this record, and weighing the effect of those facts in the light of the authorities, we are of the opinion that there is sufficient competent testimony to support the Commission's findings and that the findings applied to the particular facts in this case support the award.

Since the oral argument and the submission of this case, plaintiff has asked and received permission to file an amendment to its petition for writ of review. The burden of the amendment is that the compensation law contravenes both the state and federal Constitutions—that it in effect deprives the individual of property without due process of law. It is insisted that—

"To hold that section 3113, as amended by Laws 1919, c. 63,

which provides, 'Every such employé who is killed by accident aris-
ing out of, or in the course of his employment, wheresoever such
injury has occurred,' etc., means that said provision of the statute
extends so as to obligate the employer to indemnify its employés for
accidents not a part of the hazard of the industry, and not occurring
while actually engaged in the work of the employer, renders the
act contrary to the provisions of the Constitution of the State of
Utah, to wit, section 7 of article 1 of the Constitution of the State
of Utah, which reads as follows:   'No person shall be deprived of
life, liberty, or property without due process of law,' and contrary
to the provisions of section 1 of article 14 of the Constitution of
the United States, providing that, 'No state shall make or enforce
any law which shall abridge the privileges or immunities of citizens
of the United States; nor shall any state deprive any person of life,
liberty, or property, without due process of law,' for the reason
that to so hold makes said statute come under the Constitutions'
condemnation of all arbitrary power so prohibited both by the Con-
stitution of the State of Utah and the Constitution of the United
States as above set forth."

That the general and underlying principles of the Work-
men's Compensation Law do not conflict with any constitu-
tional right of employer or employé is not an open question
in this state.  *Ind. Com.* v. *Daly Min. Co.,* 51 Utah, 602, 172
Pac. 301; *Garfield Smelting Co.* v. *Ind. Com.,* 53 Utah, 133,
178 Pac. 57; *Ind. Com.* v. *Evans,* 52 Utah, 394, 174 Pac. 825;
*Reteuna* v. *Ind. Com.,* 55 Utah, 258, 185 Pac. 535; *Utah Cop-
per Co.* v. *Ind. Com.,* 57 Utah, 118, 193 Pac. 24, 13 A. L. R.
1367; *Salt Lake City* v. *Ind. Com.,* 58 Utah, 314, 199 Pac.
152.   The contention here, however, seems to be that that
part of section 3113, supra, which authorizes compensation
for an injury "wheresoever such injury has occurred," .
is an attempt to charge an industry for something not      **2**
a part of the hazard of such industry.  Of necessity,
that phrase should be construed in connection with, and as a
part of the entire section.  When so construed, it follows
that the accident, wheresoever it has occurred, must also arise
out of or be in the course of the employment.  So interpreted,
we fail to see any infringement of plaintiff's constitutional
rights.

We are referred to the opinion of the Supreme Court in
*Interstate Commerce Commission* v. *Louisville & Nashville
R. R. Co.,* 227 U. S. 88, 33 Sup. Ct. 185, 57 L. Ed. 431, as

supporting plaintiff's contention. It does not appear in the record before this court that the Commission or any member of it visited the place of the accident. On the contrary, it is affirmatively stated in plaintiff's brief that the Commission did not visit the place of the accident. Presumably, therefore, nothing was considered by the Commission except testimony taken at a regular hearing. We are, however, of the opinion, and so hold, that it affirmatively appears from the testimony found in this record that the Commission's findings are supported by such testimony. The opinion of the Supreme Court in the above case is therefore not applicable or controlling in this case.

The award is affirmed, with costs.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.

ON APPLICATION FOR REHEARING.

GIDEON, J. In a petition for rehearing plaintiff complains that the court has grievously erred in stating certain facts. It is especially urged that the testimony does not warrant the conclusion found in the opinion to the effect that the public road over which the deceased was traveling was used and maintained largely, if not wholly, for the accommodation of the plaintiff's employés. In the argument for a rehearing the testimony bearing upon that particular question is set out at length. While we think the record warrants the statement of the court, such statement is not controlling. Neither is it the basis upon which the court rests its opinion. If counsel were right in the conclusion that the court's judgment was founded on such statement, some justification for counsel's argument might have a basis in fact. The exact contrary is the fact, and it so appears from the opinion.

A statement of assumed facts is made in the argument and counsel seem anxious to know what the judgment of this court would be under such facts. In answer to that sugges-

tion, it is sufficient to say that it will be the duty of this court to determine the rights of the parties as in its judgment the law applicable justifies when such facts as assumed are presented. We reaffirm the statement in the opinion that every case must depend upon its own particular facts. We have determined the rights of the parties to this proceeding under the facts presented in the record. Nothing is advanced in the petition for a rehearing to justify a different conclusion.

The petition for a rehearing is denied.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.