[Civ. No. 6195. First Appellate District, Division One.—February 10, 1928.]

CALL PUBLISHING CO. (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

John Francis Neylan, John D. Costello, Frank J. Creede and Henry G. Sanford for Petitioners.

G. C. Faulkner for Respondents.

TYLER, P. J.—*Certiorari* to review an award of the Industrial Accident Commission. It appears from the petition that on the first day of January, 1927, the State Compensation Fund insured petitioner, the Call Publishing Company, against liability under the Workmen's Compensation Act. That on the twenty-fifth day of May, 1927, Allen Edgar Young sustained an injury in a collision with an automobile while delivering newspapers in the city of

San Mateo, resulting in a fracture of the left femur and a lacerated wound on the left ankle. That on the thirtieth day of June, through his guardian *ad litem,* Young filed an application for industrial benefits with respondent Industrial Accident Commission, wherein it was alleged that he sustained his injuries in the course of and arising out of his employment, while employed as a newspaper carrier by the respondent Call Publishing Company and accordingly prayed that it be determined that the insurance carrier be held responsible for the benefits provided for under the Workmen's Compensation Act. The application came on for hearing before the Commission and on August 17, 1927, it made findings and award. It determined (1) that Young, who was fourteen years of age, while employed as a newspaper carrier, on May 25, 1927, at San Mateo, by the Call Publishing Company, sustained injury occurring in the course of and arising out of his employment while delivering his papers, proximately resulting in a fracture of the left femur, and a lacerated wound of the left ankle. That at said time said employer's insurance carrier was State Compensation Insurance Fund, and both employer and employee were subject to the provisions of the Workmen's Compensation, Insurance and Safety Act of 1917; (2) that F. W. McKnight was not the employer on said date; (3) that said injury caused temporary total disability from May 25, 1927, indefinitely, entitling the employee to $4.17 a week, based on minimum wages provided by said act; (4) that the employee is entitled to be reimbursed for his reasonable medical expense, to be determined subsequently by the filing of itemized bills in duplicate, if the parties are unable to adjust the same out of court. The award was entered accordingly. Petitioner herein asked for a rehearing upon the ground that the evidence did not justify the findings of facts and that the Commission had acted in excess of its authority in making the findings and award. The application was denied and this proceeding was thereafter instituted, and the same contention is here made.

It appeared at the hearing before the Commission that the Call Publishing Company at the time of the injuries sustained by the applicant, and for many years prior thereto, owned, published, and distributed a large metropolitan daily evening newspaper in San Francisco and in neigh-

boring vicinities. In order to facilitate and expedite the distribution of its newspapers, and the collecting of subscriptions, the insured made and executed various contracts in different locations. About April 21, 1927, an oral contract was executed by the Call with one F. W. McKnight, under which the latter was given the agency for the distribution of the insured's newspapers in the district between Beresford and the city of South San Francisco. No salary agreement was arranged for at this time. McKnight was to receive his lists of customers from the Call, paying $1.85 per 100 for the papers, and for which he charged the subscribers 75 cents per month, the difference between the two figures representing the profit of McKnight under the contract. At this time all the expenses incurred by McKnight in the distribution of the papers and the collection of subscriptions were assumed and paid by him. The receipts for the first month being small, McKnight was given an allowance by the Call of $97 for said month, in order that he might receive some compensation out of his venture. The former agent of the route had employed four or five carriers, one of whom was the injured applicant herein, to assist in the distribution of the papers, and these assistants were retained by McKnight when he took over the agency. Under the arrangement as above set forth there was little or no profit and as the result of a conference had between the parties some time between May 1st and 10th following, it was agreed that McKnight was to receive $22.50 a week from the Call, in addition to any profit that he might make on a sale of the papers. Some time in June, 1927, this amount was raised to $32.50. No definite period was agreed upon as to how long this arrangement was to continue, the sole requirement in this respect being that McKnight was to give the Call 30 days' notice of any intention on his part to discontinue with the arrangement. McKnight testified in this connection that the Call had the right to fire him at any time. Additional facts show that all bills were made out by the Call upon its own stationery without cost to McKnight. That he was subject to the general direction in the performance of his duties by the city circulation manager of the Call. That when extras were printed McKnight was directed by an officer of the Call to put on more boys for street sales, so as to dispose of the papers. That all

papers were to be delivered to the satisfaction of the customers, and it was McKnight's responsibility to see that this was done. The list of subscribers kept by McKnight was the property of the Call. It also appeared that McKnight paid all expenses under the different arrangements and that he had the right to hire and fire the newsboys.

Under these facts petitioners claim that McKnight was an independent contractor in so far as the Publishing Company is concerned, and that the injured employee was his servant. There is no merit in the contention. The evidence shows conclusively that McKnight was a mere agent of the company employed for the purpose of distributing its papers. He received a definite compensation for his services, in addition to any profit that might arise under the arrangement. He was subject to dismissal at any time with or without cause, and was under the direction of the officers of the company. True he had authority to hire and fire the newsboys, but they were employees of the Publishing Company and not his. An extended discussion of this case would answer no useful purpose. The facts speak for themselves. The principles applicable to cases of this character are well considered and discussed in *Press Publishing Co.* v. *Industrial Acc. Com.*, 190 Cal. 114 [210 Pac. 820].

The award is affirmed.

Knight, J., and Cashin, J., concurred.