[S. F. No. 13638.   In Bank.—January 27, 1930.]

GLOBE INDEMNITY COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMIS- SION and JACK CLEMMER et al., Respondents.

Treadwell, Van Fleet & Laughlin for Petitioners.

Edward O. Allen for Respondents.

THE COURT.—*Certiorari* to review and annul an award of the Industrial Accident Commission.

The application was made by Jack Clemmer, a twelve year old newsboy, against Fred Johansen, Independent Publishing Company, publisher of the "San Rafael Independent," and the Tribune Publishing Company, the publisher of the "Oakland Tribune. The boy was injured by falling from his bicycle while within the precincts of the railroad station at San Rafael when he was about to procure his bundle of newspapers for distribution. Hearings were had and the Commission found that Jack, at the time of the accident which caused the injury, was in the employ of the Tribune Publishing Company and that the injury arose out of and occurred in the course of that employment; that though he was at the same time employed by the "San Rafael Independent" he was not acting in the course of that employment, but was engaged in a material detour therefrom at the time the injuries were sustained. As to that employer the application was therefore dismissed.

The Tribune Publishing Company and its insurance carrier, Globe Indemnity Company, after proceedings duly had, petitioned this court for a writ of review and to annul the award consequently ordered on the findings of the Commission on the grounds (1) that the evidence does not sustain the finding that Jack Clemmer was an employee of the petitioner, the Tribune Publishing Company, but in fact was an employee of Fred Johansen, who was an independent contractor; and (2) that if this court should be of a different opinion nevertheless the injury did not occur in the course of the employment. Under the second ground the "going and coming" rule is invoked. The findings as to the "San Rafael Independent" are not seriously questioned by the petitioners.

Fred Johansen, also a minor at that time of about fifteen years, with the assistance of his mother, carried on an agency to distribute the "Oakland Tribune" to subscribers in San Rafael. The record shows without dispute that he paid to the Tribune Publishing Company $1.50 per hundred

for the newspapers and collected eighty-five cents per month from each subscriber, which he retained and for which he receipted on printed forms furnished by the Tribune Publishing Company. He was also paid $3 a month additional, which was intended to compensate him for the extra expense of distribution because of the large and scattered territory. He was furnished a list of the subscribers by the company which was, of course, changed as new subscribers were added or old subscriptions were canceled. Notification of such changes was sent by the company. Complaints of poor service received by the company were also forwarded by it to Fred. A representative of the Tribune Publishing Company occasionally called to see if everything was all right, if more receipt forms were required, etc., but who gave no instructions on such visits. It is conceded that at no time did the Publishing Company instruct Fred as to the means he should use in distributing the papers, the route that should be taken, or whom, if anyone, he should employ to assist him. The Publishing Company knew that Fred was employing assistance in his work and made no objection thereto. His only instructions were that deliveries of papers should be made as early as practicable after their arrival at the San Rafael railroad station. A "Bond and Guaranty" was signed by Fred's father to guarantee to the Tribune Publishing Company payment of its bills rendered to Fred. The guaranty also provided that the company required thirty days' notice of any termination of the agreement by Fred, but reserved the right and privilege "to change agents at any time without question." It was testified by a representative of the Tribune Publishing Company that the oral agreement with Fred was that he would be discharged only if his services were deemed unsatisfactory.

The petitioners claim that the evidence is insufficient to sustain the Commission's finding as to the employment within the meaning of the compensation act and that it supports only a conclusion that Fred Johansen was purchasing newspapers at wholesale and selling them at retail and was, therefore, an independent contractor. If Fred Johansen was not an independent contractor, but was an employee within the meaning of the Workmen's Compensation Act, then the finding of the Commission on the question of the employment of Jack Clemmer is correct.

■ We are of the opinion that the evidence fairly and sufficiently sustains the finding of the Commission in that respect. The relationship between Fred Johansen and the Tribune Publishing Company comes within the tests stated in recent cases. It is unquestionably well-settled that "one of the best tests to determine whether the relation is that of an independent contractor or that of an employer and employee is the right of control. It is not the fact of actual interference with the control, but the right to interfere, that makes the difference between an independent contractor and a servant or agent. . . . It is not a question of interference, or non-interference, not a question of whether there have been suggestions, or even orders, as to the conduct of the work; but a question of the right to act, as distinguished from the act itself or the failure to act. . . . " (*Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577, 581, 582 [250 Pac. 570].) In *Press Publishing Co.* v. *Industrial Acc. Com.*, 190 Cal. 114, 121 [210 Pac. 820, 823], it was said: "One of the means of ascertaining whether or not this right to control exists is the determination of whether or not, if instructions were given, they would have to be obeyed." As was also stated in the case of *Hillen* v. *Industrial Acc. Com.*, *supra*, page 581, "Wages may be measured by time, by the piece, or by any other standard." A case in which evidence closely resembling the facts here was held sufficient to sustain the finding of employment is *Call Publishing Co.* v. *Industrial Acc. Com.*, 89 Cal. App. 194 [264 Pac. 300]. In that case, however, the agent received $22.50 a week additional instead of $3 per month. But we are not basing our conclusions on the method or amount of payment, but rather on the existing elements of personal relationship and right of control. It is clear from the record in the present case that the evidence sustains the conclusion that the Tribune Publishing Company could discharge Fred at any time and that, if given any instructions, they would have to be followed by Fred at the risk of being discharged if he refused or failed to comply with them, and that, therefore, the right of control existed within the meaning of the tests stated by the authorities cited. Petitioners make the contention that if the decision in the Call Publishing Company case be extended to include the present case, then there will be nothing to prevent the payment of compensation by the

publisher of a San Francisco newspaper to the employee of a newsdealer in a distant city who purchased the company's newspapers at wholesale and sold them at retail. Such a case, however, is not tested by the terms by which the parties designate the relationship, but the conclusion, regardless of distance or locality, must be drawn from the facts and the application thereto of the appropriate rules of law.

We are also of the opinion that the so-called "going and coming" rule does not apply to the facts shown by the record. It is not questioned that Jack Clemmer, if it be determined that he was an employee of the Tribune Publishing Company, was still in its employment when the injury occurred. The rule is invoked because it is contended that Jack and another lad to whom he was going to teach the Tribune route had not yet arrived at their destination, which was the railroad station at San Rafael, where it was their duty to pick up the papers for delivery. But the record sustains the conclusion that the boys collided and Jack was hurt within two or three feet of the station platform upon which the papers were lying and just about as the boys were about to alight from their bicycles, and that the occurrence took place within the precincts of the station. We think the facts on this phase of the case are concluded by *Makins* v. *Industrial Acc. Com.*, 198 Cal. 698, 701 [49 A. L. R. 411, 247 Pac. 202], wherein it was said: "The rule is well settled that an employee, in going to work, comes under the protection of the act when he enters the employer's premises or upon the means provided for access thereto, though the premises and such means of access are not wholly under the employer's control or management. . . ."

We conclude that the findings of the Commission are sufficiently supported by the record presented and that the award must be affirmed.

It is so ordered.