[Civ. No. 10185. Second Appellate District, Division One.—October 18, 1935.]

BENJAMIN MELONE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ROY CUCCIA, Respondents.

Caesar A. Roberts for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

SHINN, J., *pro tem.*—Upon findings that respondent Roy Cuccia, 16 years of age, suffered injuries in the course of and arising out of his employment by the petitioner herein, an award was made to him by the Industrial Accident Commission, based upon the minimum average earnings provided by law as a basis for compensation, and also for certain expenses and attorney's fees. The only point urged on this proceeding to review the award of respondent Commission is that the applicant Cuccia was not an employee of petitioner under the Workmen's Compensation, Insurance and Safety Act of 1917, as amended.

Petitioner was a peddler of fruits and vegetables, in which business he drove a truck and sold from house to house. He was assisted, at times and as often as he had need for their services, by a number of small boys, among them the applicant Cuccia, who took fruits or vegetables from the truck in buckets and sold same to householders. In the morning of the day the applicant was injured, six boys, including Cuccia, assisted petitioner in selling cantaloupes. At noon they had lunch at petitioner's residence, and in the afternoon, at petitioner's request, as they were accustomed to do when some of the produce remained unsold, they took the truck and endeavored to sell the remainder of the cantaloupes. One of the boys drove the truck and directed the work of the other boys. Each boy was paid 20 per cent of the amount of his sales and the boy in charge of the truck was paid 10 per cent of the amount of the total sales. The business had been carried on in this fashion by petitioner for several months and Cuccia had been so employed for a week. He had worked with petitioner on the morning of July 3, 1934, for which he had been paid, and had been directed by petitioner to go with the other boys in the afternoon to sell melons. Cuccia rode and worked with the other boys on the truck. As they were returning to petitioner's home with the unsold melons, the truck was struck by an automobile and Cuccia was injured. He was therefore engaged in his employment at the time of his injury. (*Harlan* v. *Industrial Acc. Com.,* 194 Cal. 352 [228 Pac. 654].)

■ We think petitioner's contention that respondent was an independent contractor is not well founded. The produce belonged to petitioner, he fixed the prices at which it should be sold, the unsold portion was returned to him, with the proceeds of sales, and the boys were paid their commissions either by the petitioner or on his behalf. The boys reported for work to petitioner, were directly under his supervision while he was driving the truck, and at all times were subject to his orders and directions or those of the boy who·was in charge of the truck when petitioner did not go along. While no term of employment had been agreed upon, the boys were working in the regular business of petitioner in the customary way, and were subject to discharge at any time. There were present the essentials of the relationship of employer and employee, as defined by sections 7 and 8 of the act. (Deering's Gen. Laws, 1931, Act 4749, p. 2272, as amended Deering's 1933 Supp., p. 1831; *Call Pub. Co.* v. *Industrial Acc. Com.*, 89 Cal. App. 194 [264 Pac. 300]; *Globe Ind. Co.* v. *Industrial Acc. Com.*, 208 Cal. 715 [284 Pac. 661]; *Western Metal Supply Co.* v. *Pillsbury*, 172 Cal. 407 [156 Pac. 491, Ann. Cas. 1917E, 390]; *Western Indemnity Co.* v. *Pillsbury*, 172 Cal. 807 [159 Pac. 721]; *Claremont Country Club* v. *Industrial Acc. Com.*, 174 Cal. 395 [163 Pac. 209, L. R. A. 1918F, 177]; *Brown* v. *Industrial Acc. Com.*, 174 Cal. 457 [163 Pac. 664].)

■ The boys were not working in pursuit of an independent calling; they were not free to go about their tasks in their own uncontrolled way with a responsibility only to accomplish a certain agreed result; they worked when they were given work to do and sold petitioner's goods to whomsoever they found willing to buy. Even though they were free to travel the streets of the district served by petitioner, which the boy in charge of the truck thought would be likely to produce the most trade, they were, nevertheless, subject to control and to discharge, and manifestly were not independent contractors, as that term is defined in the act (sec. 8b), and as it is construed in *Flickenger* v. *Industrial Acc. Com.*, 181 Cal. 425 [184 Pac. 851, 19 A. L. R. 1150]; *Freiden* v. *Industrial Acc. Com.*, 190 Cal. 48 [210 Pac. 420], and *Fidelity etc. Co.* v. *Industrial Acc. Com.*, 191 Cal. 404 [216 Pac. 578, 43 A. L. R. 1304]. The relation was purely one of employer and employee. ■ The employment was of indefi-

nite duration, no time for the termination thereof being fixed. It did not appear that the work of respondent was to be completed within ten days or that his total remuneration would be less than one hundred dollars. The employment, therefore, was not casual, as that term is defined by the act. (Sec. 8c.) The fact that the compensation was paid by way of commissions, instead of salary, is not material. (*Brown* v. *Industrial Acc. Com., supra.*)

The award was properly made and is, therefore, affirmed.

Houser, P. J., and York, J., concurred.