PARK UTAH CONSOLIDATED MINES CO. et al. v.
INDUSTRIAL COMMISSION et al.

No. 6486.   Decided January 20, 1943.   (133 P. 2d 314.)

Rehearing denied March 26, 1943.

*Edward F. Richards,* of Salt Lake City, for plaintiffs.

*Grover A. Giles,* Atty. Gen., and *Herbert F. Smart* and *Zar E. Hayes,* Asst. Attys. Gen., for defendants.

McDONOUGH, Justice.

The plaintiffs by writ of review seek to annul an award made by the industrial Commission in favor of William L. McMichael, who slipped and fell while leaving work to return home on the afternoon of December 21, 1941, and from which fall he sustained injuries. The plaintiffs admit that the following statement of facts in the findings and decision of the Industrial Commission correctly reflects the evidence relative to the facts so found:

"Applicant had finished his shift, changed clothing and was on his way to the parked automobile of co-worker with whom he rode to and from work. The surface structures of the employer's property are built in the shape of the letter 'U,' with the open side facing a narrow oiled road, which is maintained by the county. The yard formed by the buildings and the road is about fifty feet square. Applicant crossed the yard and stepped over the edge of the property line into the road. He reached a point approximately two paces beyond the property line when he slipped on the ice and snow, fell to the ground and broke his ankle. At the point of the fall, the road slopes downhill in the direction applicant was walking at about a three per cent fall. That yard and road were covered by a fresh fall of snow about eight inches in depth. The car, which was applicant's objective, was parked on the road opposite the shop, and about fifty feet down the road from the point of the accident. Although the employer had provided a parking lot about five hundred feet lower down the road, it was customary for employees to park along the side of the shop. The employer apparently consented to this arrangement."

In addition to the foregoing finding of facts, the record shows that the applicant and others uniformly traveled the same approximate course to enter onto as well as to leave the property of the employer. There were steps from the roadway to the shop, but they were blocked at the time by snow piled up against them. There was no practical means of access to or from the Park Utah Consolidated Mines Company property, other than the adjoining road and the yard between the buildings and structures. The slope of the road is not only down hill to the north, but there is a slope from the company property down to the road. The applicant was the first of the men to start off the property at the conclusion of the shift at 3:35 P. M.

William L. McMichael testified that there was a new snow fall of about 8 inches on the day he was injured; that there was a bare spot a little over a foot wide in the snow running from one building to the other over a steam pipe placed underground; that he stepped on the bare spot and took one or two steps in the snow to the west of such line caused by the melting of the snow over the underground steam pipe, and his foot slipped on the ice which spread underneath the

snow, and he slid out into the roadway and fell, fracturing his ankle and resulting in his temporary total disability.

Plaintiffs challenge the award made by the Industrial Commission for the reason the point at which applicant actually slipped is about 4 feet off the company property. They contend that the applicant was within the boundaries of the public highway when he slipped and fell, and that he was subject to the same hazards which the general public face on a public street or highway; and consequently, that this case comes within the general rule that no compensation can be allowed for an injury sustained by an employee traveling to or from work on a public street or highway. The applicant and the Industrial Commission argue, on the contrary, that the case is within the exception to the rule, being governed by the rules laid down in *Cudahy Packing Co.* v. *Industrial Comm.*, 60 Utah 161, 207 P. 148, 28 A. L. R. 1394; *Cudahy Packing Co.* v. *Parramore*, 263 U. S. 418, 44 S. Ct. 153, 155, 68 L. Ed. 366, 30 A. L. R. 532.

In the Cudahy Packing Company case, the employee was killed while crossing a railroad track 100 feet from the property of his employer. He was traveling in an automobile on a road leading to the packing plant which crossed the railroad right-of-way. The Industrial Commission granted an award, and the company applied to this court for review. The employer contended decedent sustained his fatal injuries while on his way to work, at a place not under the control of the employer and at a time when the relation of employer and employee did not exist. It was also urged that the road on which he traveled was a public road, and that he was not exposed to any other or greater risk or danger than any number of the general public traveling over such road. In upholding the award this court held that while the accident occurred off company property and by means entirely beyond the control of the employer, the public road with the particular railroad crossing was the only means of approach to the plant, and being without any option or election of some other access to the plant, the danger inci-

dent to the crossing of the tracks in close proximity to the plant involved employees in a peculiar and abnormal exposure to perils.

The United States Supreme Court subsequently affirmed the decision of this court. *Cudahy Packing Co.* v. *Parramore*, supra. In the opinion written by Mr. Justice Sutherland, the court said:

> "Here the location of the plant was at a place so situated as to make the customary and only practicable way of immediate ingress and egress one of hazard. Parramore could not, at the point of the accident, select his way. He had no other choice than to go over the railway tracks in order to get to his work; and he was in effect invited by his employer to do so. And this he was obliged to do regularly and continuously as a necessary concomitant of his employment, resulting in a degree of exposure to the common risk beyond that to which the general public was subjected. The railroad over which the way extended was not only immediately adjacent to the plant, but, by means of switches, was connected with it, and in principle it was as though upon the actual premises of the employer.
>
> "We attach no importance to the fact that the accident happened a few minutes before the time Parramore was to begin work, and was therefore, to that extent, outside the specified hours of employment. The employment contemplated his entry upon and departure from the premises as much as it contemplated his working there and must include a reasonable interval of time for that purpose.  *  *  *"

In *Bountiful Brick Co.* v. *Industrial Comm.*, 68 Utah 600, 251 P. 555, affirmed by United States Supreme Court in *Bountiful Brick Co.* v. *Giles*, 276 U. S. 154, 48 S. Ct. 221, 72 L. Ed. 507, 66 A. L. R. 1402, there was an opening in the fence on the railroad right-of-way through which employees customarily went, in going to and coming from work. There were other means of access to the company property, but for most employees they were rather circuitous and impractical. On the day of the accident Giles did not go directly to work, but he came onto the railroad right-of-way through a fence opposite the opening in the fence on the other side of the tracks through which some of the employees customarily went, and while crossing the tracks he was struck by a train and killed. The award of the commission

was upheld by this court for the reason that going onto the railroad right-of-way was the most practical means of access to the property of the employer, although the fatal injury occurred 30 feet from the property of the employer.

Plaintiffs cite cases from some other jurisdiction which hold that the accident must not only arise out of but also in the course of employment. Such cases have no application, for our statute, Section 42-1-43, R. S. U. 1933, provides compensation for death or injuries to an employee from an "accident arising out of *or* in the course of his employment, wheresoever such injury occurred." As pointed out in the Cudahy Packing Company case, some of the statutes of other states employ the word "and" while our statute by amendment in 1919, uses the disjunctive "or," with the result that some of the cases are distinguishable. See *Utah Apex Mining Co.* v. *Industrial Commission*, 67 Utah 537, 248 P. 490, 49 A. L. R. 415.

However, even California which uses the conjunctive "and" as distinguished from the disjunctive "or" employed in our statute, has a line of cases which support the principle announced in the Cudahy Packing Company cases. In *Freire* v. *Matson Navigation Co.*, 19 Cal. 2d 8, 118 P. 2d 809, 811, the Supreme Court of California states:

"It is well settled that while an employee is ordinarily not entitled to workmen's compensation for an injury sustained in going to or departing from work, he is entitled to compensation if the employment creates a special risk, for injuries sustained within the field of that risk. Such a risk may attend the employee as soon as he enters the employer's premises or the necessary means of access thereto, even when the latter is not under the employer's control or management. *Starr Piano Co.* v. *Industrial Acc. Comm.*, 181 Cal. 433, 184 P. 860; *Judson Mfg. Co.* v. *Industrial Acc. Comm.*, 181 Cal. 300, 184 P. 1; *Globe Indemnity Co.* v. *Industrial Acc. Comm.*, 208 Cal. 715, 719, 284 P. 661.

*       *       *       *

"The fact that an accident happens upon a public road and the danger is one to which the general public is likewise exposed, however, does not preclude the existence of a causal relationship between the accident and the employment if the danger is one to which the em-

ployee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree. *State Compensation Ins. Fund v. Industrial Acc. Comm.,* 194 Cal. 28, 31, 227 P. 168; *Cudahy Packing Co. v. Parramore,* 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532. * * *"

In *Bountiful Brick Co. v. Industrial Comm.,* supra [68 Utah 600, 251 P. 556], in upholding the award this court said:

"* * * The employee, in crossing the track at any time, was exposed to a peril which is common to all, but by virtue of his employment he was required to cross the track regularly and continuously, thus being peculiarly and abnormally exposed to a common peril. It is the greater degree of exposure to the peril which arises as an incident to the employment which sustains the causal relation between the employment and the accident."

In affirming the decision of this court in the latter case, the United States Supreme Court in *Bountiful Brick Co. v. Giles,* supra [276 U. S. 154, 48 S. Ct. 222, 72 L. Ed. 507, 66 A. L. R. 1402], declared:

"* . * * And employment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance. In other words, the employment may begin in point of time before the work is entered upon and in point of space before the place where the work is to be done is reached."

We believe the decision of this case must be controlled by the case of *Cudahy Packing Co. v. Industrial Comm.,* supra. We do not think the principle upon which the case was ruled justifies limiting the hazard to a railroad crossing or right-of-way adjacent to the premises of the employer. The facts of this case come within the exception to the rule that there

can be no workmen's compensation for an accident sustained going to or from work. The general rule is predicated upon the fact that the employee selects the particular way, means and conveyance for going to and from work.

When the employee arrives at the threshold of his employment and the means for entrance are limited so that he has no choice as to the mode of entrance, all of the hazards which are peculiar to such entrance attach to his employment. The converse is equally true as to leaving the employment. The employee in this case had only one means of exist from the premises, although it is true that the yard sloping down to the public road measures approximately 50 feet in width. The applicant could not leave the premises from the steps to the shop for the reason they were blocked by snow. It may be true that if applicant had not walked quite as far to the north in leaving the premises he might not have slipped or might not have fallen, but even if the supposition were a fact it would be wholly immaterial. The employees in effect had an entrance and exit 50 feet in width, as the only practical means of access to and exit from the premises.

The point within the boundaries of the public road, 4 feet west of the property line of the employer, was within the immediate approach to the company property. While there was a slope of only about 3 per cent, the presence of ice thereon covered over with recently fallen snow was a hazard to the employees who had to use such entrance and exit to the premises. The fact that the buildings and structures were set over to the boundary line of the public road, and the further fact that the county generally used a snow plow to keep the road open, do not alter the nature of the entrance to the premises. What the county officials did, failed to do or might have done, are all immaterial under the facts of this case.

We do not predicate right to workmen's compensation in this case on any theory that the company had a duty to keep the roadway constituting the approach to the premises

free from snow and ice; but we do hold that the existence of the ice under the snow on the particular slope constituting the only practical means of entrance to and exit from the premises, including a part of the public road, was one of the hazards peculiar to the employment. While the employer in the Cudahy Packing Company case could not control the operation, speed, or time of movement of trains crossing the road over which its employees had to travel, in this case the employer might even have reduced or possibly might have eliminated the hazard of ice and snow on the approach to the place of employment. The accident arose in the course of the employment, and the award entered by the Industrial Commission is affirmed.

MOFFAT, J., and WILL L. HOYT, District Judge, concur.

PRATT, J., on leave of absence.

WOLFE, Chief Justice.

I concur. I opine the same result would have been reached had the street been level instead of dropping on a 3% grade.

LARSON, Justice.

I concur. I think the fair and necessary import of the decisions of this court in *Cudahy Packing Co.* v. *Industrial Comm.*, 60 Utah 161, 207 P. 148, 28 A. L. R. 1394, affirmed in *Cudahy Packing Co.* v. *Parramore*, 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532; and *Bountiful Brick Co.* v. *Industrial Comm.*, 68 Utah 600, 251 P. 555, affirmed by United States Supreme Court in *Bountiful Brick Co.* v. *Giles*, 276 U. S. 154, 48 S. Ct. 221, 72 L. Ed. 507, 66 A. L. R. 1402, is that when an employee following a reasonably practicable route from his home to his work is injured while so on his way, and not while on any diversion therefrom, or while attending to any personal business, he is injured in the course of his employment and eligible for compensation. If such is not to be the rule, the cited cases went beyond the statute and should be restricted. The instant case falls within the rule of those cases. I therefore concur.