**SOLDIER CREEK COAL COMPANY
and/or State Insurance
Fund, Plaintiffs,**

v.

**Andrea E. BAILEY, Widow of Ricky Alan
Bailey, deceased, and/or Industrial
Commission of Utah, Defendants.**

**No. 20543.**

Supreme Court of Utah.

Nov. 14, 1985.

James R. Black, Salt Lake City, for plaintiffs.

Robert J. Shaughnessy, Timothy C. Houpt, Salt Lake City, for defendants.

ZIMMERMAN, Justice:

This is an appeal from an order of the Utah Industrial Commission reversing an administrative law judge's denial of compensation benefits to Andrea E. Bailey, the surviving spouse of a worker who died in a single-car accident on his way to work. We conclude that Bailey's death did not arise "out of or in the course of his employment," as required by section 35-1-45 of the Utah Workers' Compensation Act, and reverse the decision of the Industrial Commission. The order of the administrative law judge is reinstated.

Ricky Alan Bailey was employed by the Soldier Creek Coal Company at its mine seventeen miles from his home in Price, Utah. Utah Highway 381 is the only road leading to the mine. For the seven miles from its junction with the Price road, Utah 381 is a two-lane, hard-surfaced road. From the mine the road continues on to Myton. This portion is gravelled and serves a number of ranches. On the day of the accident, Bailey drove to work in his 1962 Chevrolet pickup. About a third of a mile from the mine property, his truck entered a right curve and left the road. Bailey was thrown from the vehicle and died at the scene of the accident. The evidence was that the door on the driver's side of the vehicle occasionally popped open on sharp turns. The investigating officer concluded that Bailey was negotiating a right curve when his door popped open, he lost control and was thrown from the vehicle. This explanation of the accident was not contested before the Commission.

Bailey's wife filed a claim for dependent's benefits with the Industrial Commission. The administrative law judge concluded that the death was not covered because Bailey was going to work and the accident did not occur on the employer's premises and was not the result of any special hazard on the road to the job site. She therefore dismissed the claim. Mrs. Bailey filed a motion to review, which was granted by the Industrial Commission. The Commission concluded that the condition of the road constituted a special hazard and that the accident was, therefore, compensable. It reversed and remanded the matter to the administrative law judge, who then awarded benefits. The employer and the State Insurance Fund now appeal.

Under the Utah Workers' Compensation Act, dependent's benefits are to be awarded only when an employee is killed "by accident arising out of or in the course of his employment." U.C.A., 1953, § 35–1–45 (Supp.1985). Travel to and from work is not generally considered to be "in the course of ... employment." *See, e.g., Fidelity & Casualty Co. v. Industrial Commission,* 79 Utah 189, 8 P.2d 617, 618

(1932). However, there are two exceptions to this going-to-and-from-work rule. Under the first exception, the accident is covered if it occurs on the employer's premises, even if the employee has not yet arrived at his work site or has already left the work site. *See* 1 A. Larson, *The Law of Workmen's Compensation* § 15.11 (1985). This exception, also referred to as the "premises rule," was not discussed below because the accident did not occur on mine property.

The second exception, for "special hazards," was found applicable by the Commission. That exception has been characterized as follows:

> The commonest ground of extension [of the premises rule] is that the off-premises point at which the injury occurred lies on the only route, or at least on the normal route, which employees must traverse to reach the plant, and that therefore the special hazards of that route become the hazards of the employment.

1 A. Larson, *supra,* at § 15.13. To qualify for this exception, the following requirements must be satisfied: (1) there must be a close association of the access way with the employer's premises, usually meaning that it must be the only route to the workplace; (2) there must be a special hazard associated with this route; (3) the employee must be exposed to the special hazard because of his use of the route; and (4) the special hazard must be the proximate cause of the accident. *Id.* at § 15.13(b). In the present case, the first requirement is satisfied; however, the others are not because there was no special hazard.

The administrative law judge found no special hazard associated with the road to the mine. In overturning that finding, the Commission stated:

> The investigating officer's report of the accident indicates that the character of the road was a "Curve-grade." This would indicate to the Commission that not only was the Deceased negotiating a curve, it was not a level curve but a curve complicated by a geographical grade. In addition, it is commonly

known that roads to and from coal mines are normally covered with loose coal and debris.... Under these circumstances, it is the conclusion of the commission ... that [Bailey's] untimely demise was a direct result of a hazardous condition present in the only access road leading to the Soldier Creek Mine.

This finding of the Commission is unsupported by the evidence; therefore, the special hazard exception cannot apply.

■ Several fallacious assumptions underlie the Commission's finding. The first is that the curve on which the accident occurred was a "peculiar and abnormal" peril. *See Edwards v. Industrial Commission*, 87 Utah 127, 132–33, 48 P.2d 459, 462 (1935). Nothing in the police report or the testimony of any witnesses suggests that the curve was in any way dangerous. As the administrative law judge correctly observed, "[a] curve in the road cannot be considered a known hazard." The same may be said of a curve on a grade, without more.

■ The Commission also improperly assumed the presence of loose coal and debris on the curve. The Commission apparently considered this a fit subject for judicial notice. However, no record evidence suggests that there was coal and debris on the road, must less that its presence was a causal factor in the accident. Because these facts were not beyond reasonable dispute, they should not have been judicially noticed. Utah R.Evid. 201(b).

■ In essence, the Commission improperly grasped for facts to overturn the administrative law judge's amply supported finding that Bailey "was killed outside the work premises, on a regularly maintained, paved and well constructed highway where no known hazards have been shown to exist." And even if a special hazard had properly been found, there is no evidence to suggest that the curve in the road caused Bailey's accident. Testimony instead suggested that the precipitating event was the door of Bailey's truck popping open.

■ Before this Court, Mrs. Bailey conceded that the Commission erred in finding the special hazard exception applicable. However, she argued that we should extend the premises exception to the going-to-and-from-work rule to cover cases such as this. She urges rejection of the rigid property line test for determining when an employee qualifies for the premises exception and suggests instead that whenever there is a single practical route to a place of employment, then travel on that road by an employee going to or from work is sufficiently connected to the job that the employer should be responsible for all hazards of the road, special or ordinary. Mrs. Bailey relies principally upon our decision in *Park Utah Consolidated Mines Co. v. Industrial Commission*, 103 Utah 64, 133 P.2d 314 (1943), to support her position. However, *Park Utah* provides no support. There, snow-covered ice coated a path that was not on the employer's property but which provided the only practical route from the workplace to the employee parking lot. The employee slipped on the ice at a point several feet beyond the employer's property line, on the way to the parking lot. 103 Utah at 71–72, 133 P.2d at 317. These facts plainly bring *Park Utah* within the orthodox definition of the special hazard exception. That case cannot properly be construed as a modification of the traditional premises exception.

We decline to modify the premises rule to reach occurrences beyond the employer's boundaries that are not covered by the special hazard rule. The employer's property line provides a bright line test for application of the premises rule, based on the logic that while the employee is on the employer's premises, his connection with employment is both "physical and tangible." 1 A. Larson, *supra*, at § 15.12(a). If the premises rule were distorted to cover this case, it would create a distinction difficult to justify and hard to apply in future cases.

Because Bailey was killed while going to work, but not as a result of a special hazard of the route or on the employer's prem-

ises, his wife should have been denied benefits. The Commission's order is reversed and the administrative law judge's initial judgment reinstated. Each party will bear its own costs.

HALL, C.J., and HOWE, STEWART and DURHAM, JJ., concur.