CHERNE CONSTRUCTION, plaintiff employer and Wausau Insurance Company, plaintiff insurer, Plaintiffs,

v.

William Michael POSSO, Defendant.

No. 860091.

Supreme Court of Utah.

March 31, 1987.

Robert W. Brandt, Michael K. Mohrman, Salt Lake City, for defendant.

Sherlynn White Fenstermaker, Springville, for plaintiffs.

HOWE, Justice:

Plaintiffs seek review of an Industrial Commission order awarding workers' compensation benefits to defendant.

Defendant William Michael Posso was employed as a laborer at the Intermountain Power Plant (IPP) near Delta, Utah, by Cherne Construction. On Saturday, August 4, 1984, defendant, although he did not usually work Saturdays, worked from 7:00 a.m. to 3:30 p.m. to perform some special tasks for his employer. When he finished, he handed in his employee identification badge, got on his motorcycle, and left the plant to go home to Delta. Although there were two other routes available, he normally proceeded east along Brush Wellman Road to Highway 6. This route was paved, while the other two were graveled roads. Brush Wellman Road had been widened to four lanes where it fronted IPP to accommodate traffic pulling out of and turning into the plant.

When he left the plant, traffic was light. He proceeded east toward Highway 6, traveling in the lane next to the center stripes. Approximately two miles east of the plant gate, a Plymouth automobile in his lane slowed almost to a stop some one hundred and fifty yards in front of him. Defendant was going approximately forty-five miles per hour. There was a Chevy Blazer traveling parallel immediately to his right. Rather than attempting to stop or change lanes, defendant attempted to pass the Plymouth on the left by crossing the double center lines into the westbound traffic lanes. As he did so, the Plymouth turned left at the entrance to the employee camp, known locally as the "man camp." Defendant struck the Plymouth, his motorcycle caught fire, and he lost control and crashed. Suffering from broken bones, a severed tendon, and second- and third-degree burns, he was transported to a hospi-

tal where he underwent treatment for nearly three months.

Defendant filed a claim for workers' compensation benefits. An administrative law judge found that although there were other routes available, defendant was following his "normal route," that the route subjected him to the "special hazard" of heavy traffic outside the plant on Brush Wellman Road, and that there was "a distinct and causal connection between the condition under which the [defendant] had to leave the premises and the occurrence of the injury." The judge held that the accident arose out of defendant's employment and was therefore compensable. The Industrial Commission denied plaintiffs' motion for review and affirmed the administrative law judge's award. Plaintiffs, who are his employer and its insurance carrier, seek review.

■ U.C.A., 1953, § 35–1–45 provides for compensation for employees who are injured by accidents "arising out of or in the course of" employment. The general rule is that an employee is *not* in the course of his employment while traveling to and from work. *State Tax Commission v. Industrial Commission,* 685 P.2d 1051 (Utah 1984); *Fidelity & Casualty Co. v. Industrial Commission,* 79 Utah 189, 8 P.2d 617, 618 (1932). One exception to the rule, carved out in *Cudahy Packing Co. v. Industrial Commission,* 60 Utah 161, 207 P. 148, *aff'd,* 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366 (1923), is the so-called "special-hazard" exception.

■ In *Soldier Creek Coal Co. v. Bailey,* 709 P.2d 1165 (Utah 1985), four requirements for applying the "special-hazard" exception were set forth: (1) there must be a close association of the access way with the employer's premises, usually meaning that it must be the only route to the work place, (2) there must be a special hazard associated with the route, (3) the employee must be exposed to the special hazard because of the route, and (4) the special hazard must be the proximate cause of the accident. *Id.* at 1166. *See* 1 A. Larson, *The Law of Workmen's Compensation* § 15.13(b) (1985).

■ In *Bailey,* we reversed a grant of survivor's benefits where the worker died when he was thrown from his truck while rounding a sharp uphill turn. There we stated, "Even if a special hazard had properly been found, there is no evidence to suggest that the curve in the road caused Bailey's accident." Likewise, in the instant case, even assuming that under certain circumstances "heavy traffic" could be a special hazard associated with employment (and we find no case law to support such a theory), there is no evidence that defendant's accident was a result of "heavy traffic."

The accident occurred on a Saturday rather than on a regular workday. By defendant's own account, traffic was "light," so much so that only two other vehicles were identified as being on the road at the time of the accident. The vehicle that collided with defendant was over one hundred and fifty yards away when he noticed it slow almost to a stop in front of him. There is no evidence that traffic at the time and location of the accident was somehow heavier or more dangerous than traffic at any other time or place or that the traffic was the cause of the accident. Traffic did not prevent defendant from slowing down and changing lanes or stopping before he reached the other vehicle.

Given these facts, the finding that the accident was due to a "special hazard" closely associated with defendant's employment cannot stand. The award of workers' compensation benefits is vacated.

HALL, C.J., DURHAM and ZIMMERMAN, JJ., and GREGORY K. ORME, Court of Appeals Judge, concur.

STEWART, Associate C.J., does not participate herein; GREGORY K. ORME, Court of Appeals Judge, sat.