## SOUTHERN PACIFIC TRANSPORTATION COMPANY, Appellant, v. WILLIAM A. FITZGERALD, Respondent.

No. 9055

June 14, 1978                          579 P.2d 1251

*Vargas, Bartlett & Dixon,* Reno, for Appellant.

*Peter Chase Neumann,* Reno, for Respondent.

## ORDER ON REHEARING

In its petition for rehearing appellant challenges the portion of our opinion which said: "It is unclear whether any bona fide offers [of employment] were in fact made," by Southern Pacific to Fitzgerald.

The challenge is without merit. Southern Pacific's counsel failed throughout the trial to tender any evidence confirming the existence of any job offer. He did not even make an offer of proof until all the evidence had been presented. Prior to that time, he had repeatedly stated that no definite job offer had in fact been made.

The issue initially arose in the context of a motion in limine by Fitzgerald to exclude any reference to job offers. The court reserved ruling at that time and told appellant's attorney to bring the matter up again during trial.

During cross-examination of respondent, appellant's counsel asked: "Have you had discussions with [Mr. Cody] concerning reemployment?" Fitzgerald objected, and during argument on the objection, appellant's counsel finally conceded: "[T]here is no formal job offer here." Thus, appellant in effect told the court that the question was irrelevant.

Later, during direct testimony of a Southern Pacific employee, their counsel again tried to elicit testimony relating to reemployment. Fitzgerald's counsel objected, and again appellant's counsel told the court: "Mr. Cody had the opportunity to make the offer, but it does not indicate that the offer was in fact made."

However, after testimony had been presented, without recalling any witness, appellant's counsel made his offer of proof, which contradicted all of his prior representations to the court. At that point, he finally indicated that a definite job offer had been made.

If appellant's counsel learned, after presentation of the evidence, that a definite job offer had in fact been made, he merely had to recall his witness and attempt to extract such testimony before he rested his case. An offer of proof obviously is not a proper substitute for the tender of evidence which has never been presented and ruled upon. Apparently, counsel made his last-ditch offer of proof for the sole purpose of attempting to save the issue for appeal.

Moreover, if an error was indeed committed by the exclusion of the job offers, it was obviously invited and fostered by appellant's representations to the court each time the issue arose during trial.

Rehearing denied.

It is so ORDERED.