**TISCO INTERMOUNTAIN and State Insurance Fund, Plaintiffs,**

v.

**The INDUSTRIAL COMMISSION OF UTAH and Jean B. Werner, widow of George Jakob Werner, deceased, Defendants.**

**No. 20913.**

Supreme Court of Utah.

Sept. 29, 1987.

Dennis V. Lloyd, Salt Lake City, for plaintiffs.

David L. Wilkinson, Ralph Finlayson, Salt Lake City, for the Indus. Comn.

Robert J. Shaughnessy, Salt Lake City, for Werner.

HALL, Chief Justice:

Plaintiffs challenge the award of death benefits made to defendant Jean B. Werner under the provisions of the Utah Occupational Disease Disability Law.[1]

Defendant Jean B. Werner is the widow of George Jakob Werner. Mr. Werner had been employed since 1947 as an insulation mechanic. Most insulation was asbestos-based until 1971, when the federal government banned the use of asbestos in insulation. Thus, Mr. Werner was continuously exposed to asbestos from 1947 until at least 1971. In 1977, Mr. Werner formed his own insulation company, Tisco Intermountain ("Tisco").

In December 1981, Mr. Werner noticed that his stomach was distended, his navel was red, and he was very tired. In February or March 1982, he sought medical treatment. In June 1982, he underwent surgery on his stomach, at which time a malignant tumor was found. Thereafter, he underwent chemotherapy, but died in January 1983 from complications attendant to peritoneal mesothelioma.

Mrs. Werner made a claim for death benefits under the Occupational Disease Disability Law, alleging that Mr. Werner developed cancer and died as a result of exposure to asbestos during the course of his employment with Tisco. The administrative law judge found that Mr. Werner was injuriously exposed to asbestos during the course of his employment with Tisco and that Mrs. Werner was therefore entitled to death benefits.

Plaintiffs filed a motion for review of the administrative law judge's order. The motion was denied by the Industrial Commission, and a final order was entered.

Plaintiffs' first point on appeal is that the Commission abused its discretion in awarding death benefits under the Occupational Disease Disability Law because there was no substantial credible evidence of exposure to asbestos during the deceased employee's period of employment with the employer against whom the award was made. It was undisputed that Mr. Werner was exposed to asbestos from 1947 until 1971. However, any claim against Mr. Werner's employers during that period was barred by the statute of limitations set forth in Utah Code Ann. § 35–2–13(b)(4) (1974). Furthermore, Utah Code Ann. § 35–2–14 (1974) states: "The only employer liable shall be the employer in whose employment the employee was last injuriously exposed to the hazards of such disease...."

The record, viewed in its entirety, does not contain sufficient evidence to support the conclusion that Mr. Werner was "last injuriously exposed" to asbestos while at Tisco. Only three witnesses were called, Mrs. Werner, Joseph Collins, and Darrell Kinder. Each witness recounted the many years Mr. Werner was employed as a mechanic by various insulation contractors and the frequent exposure he had to asbestos products prior to 1968 or 1969, when he accepted an office position with Mountain States Insulation. None of the witnesses related any specific exposure that Mr. Werner had to asbestos products from 1971 until his death. Rather, they spoke only in very general terms.

When asked if she had any knowledge of the insulation products used by Tisco, Mrs. Werner responded: "Not an awfully lot. I know that it was the kind they had—it was not the kind that they had used prior or previously because it had been outlawed, more or less, and so you had to go into new forms...." In response to the next ques-

---

1. Utah Code Ann. §§ 35–2–1 to –65 (1974 & Supp.1987).

tion, whether the insulation material used by Tisco had an asbestos base, Mrs. Werner unequivocally stated that it did not.

Collins testified that transite pipe composed of one-half cement and one-half asbestos was utilized in the industry as a substitute for asbestos-based insulation used prior to 1971. When asked whether Mr. Werner ever engaged in an operation that included the cutting of transite pipe or sheets, his response was: "I personally never seen him, but knowing it was part of the trade and we all did it at one time or another, I'd have to say yes." When asked if he knew whether Mr. Werner used transite material in his business at Tisco, Collins responded that he did not.

Kinder's testimony reiterated the exposure Mr. Werner had to asbestos on various jobs through 1970. However, he expressed no knowledge of any such exposure at Tisco. He simply stated that he was aware that Tisco was engaged in the insulation business.

At the close of the hearing, counsel for Mrs. Werner advised that an additional witness, David McOmie, had not appeared, but that if called his testimony would be that Tisco stocked asbestos products and that Tisco performed and Mr. Werner supervised demolition work on facilities insulated with asbestos, whereupon it was agreed that McOmie would be deposed within thirty days and the record would be kept open for that purpose.

The medical issues were submitted to a medical panel, which concluded that the delay between first exposure to asbestos and the development of malignant mesothelioma can range from fifteen to twenty years. Any latency period less than fifteen years would cast doubt on the relationship of the disease to a particular occupational or environmental exposure. If fifteen years is accepted as the minimal latency period prior to development of malignant

mesothelioma, Mr. Werner's exposures prior to 1968 were the main cause for his terminal condition. In theory, a cessation of exposure in 1968 may have decreased the risk for his development of the malignant mesothelioma.

■ McOmie's deposition was neither scheduled nor taken. Consequently, the record is devoid of any evidence that Mr. Werner was exposed to asbestos through his activities at Tisco. Nevertheless, the administrative law judge considered the offer of proof as to what McOmie would supposedly have testified to and incorporated it in his findings of fact. It was error to do so.

■ The offer of proof, as distinguished from a tender of evidence, did not constitute evidence that would support the finding of fact.[2] It was incompetent evidence, based entirely on hearsay and not subjected to cross-examination, and therefore could not be used to support an award of benefits.[3] In the absence of competent, admissible evidence, it cannot be assumed that facts exist to support an award.[4]

■ The administrative law judge acknowledged in his findings that in the absence of evidence that Mr. Werner was injuriously exposed to asbestos at Tisco, Mrs. Werner's claim would fail since section 35–2–13 of the Occupational Disease Disability Law requires in subsection (b)(4) that in the absence of exceptions not relevant here, death from an occupational disease must result within three years from the last date on which the employee actually worked for the employer against whom benefits are claimed. Application of section 35–2–14 in this case would require that a claim be made against Mountain States Insulation, which claim would be barred since Mr. Werner last worked there in 1976.

2. *See Southern Pac. Transp. Co. v. Fitzgerald,* 94 Nev. 245, 246, 579 P.2d 1251, 1252 (1978) (order denying rehearing).

3. *Cf. Putnam v. Industrial Comm'n,* 80 Utah 187, 205–06, 14 P.2d 973, 980–81 (1932) (in making material findings, commission improperly considered unidentified testimony from other proceeding between different parties).

4. *See Soldier Creek Coal Co. v. Bailey,* 709 P.2d 1165, 1166–67 (Utah 1985).

Faced with such harsh circumstances, the administrative law judge strained to fashion a remedy. The following passage is extracted from his findings:

Recognizing this insufficiency of remedy with respect to asbestos cases, and resolving the doubt in favor of the applicant and in favor of coverage, I find that George Jakob Werner was injuriously exposed to the hazards of asbestos while employed by the defendant Tisco Intermountain, Inc.

Policy considerations in workers' compensation cases dictate that statutes should be liberally construed in favor of an award. However, policy considerations have no application in the absence of any evidence to support an award, nor can they be used to controvert the clear meaning of the statutory requirements upon which an award must be based.[5]

In the instant case, it clearly appears that the award of benefits is unsupported by substantial credible evidence, and that is the standard this court must apply.[6] In awarding benefits, the administrative law judge also ignored competent medical evidence that negatives a finding of medical causation.

Defendants raise a final point. They challenge the constitutionality of sections 35–2–13 and 35–2–14 on the ground that those sections deny access to a forum to hear and determine rights guaranteed by article I, section 11 and article 16, section 5 of the Constitution of Utah. The administrative law judge specifically found that a claim against Mr. Werner's prior employer, Mountain States Insulation, was barred by the provisions of subsection 35–2–13(b)(4) because more than four years had elapsed from the date of his last employment at Mountain States and the date the claim was filed for death benefits. No motion was made for review challenging the denial of a claim against Mountain States, and defendants may not seek affirmative relief from the final order of the Commission simply by raising the point in their brief. Thus, this Court will not entertain the point, inasmuch as it was raised for the first time in this forum.[7]

The award of benefits is vacated and set aside. No costs awarded.

STEWART, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.

HOWE, J., dissents.

5. *Olson v. Federal Am. Partners,* 567 P.2d 710, 714 (Wyo.1977).

6. *See Pinter Constr. Co. v. Frisby,* 678 P.2d 305, 307 (Utah 1984).

7. *See In re Estate of Lewis,* 738 P.2d 617, 623 (Utah 1987); *Insley Mfg. Corp. v. Draper Bank & Trust,* 717 P.2d 1341, 1347 (Utah 1986).