**Dorothy Lynette HOPE, Plaintiff and Appellant,**

v.

**Russell C. BERRETT, Defendant and Respondent.**

No. 860277–CA.

Court of Appeals of Utah.

June 10, 1988.

Mark H. Gould (argued), Marquardt, Hasenyager & Custen, Ogden, for plaintiff and appellant.

Wendell E. Bennett, Salt Lake City, for defendant and respondent.

Before BENCH, DAVIDSON and JACKSON, JJ.

## OPINION

DAVIDSON, Judge:

Plaintiff seeks a reversal of the trial court's judgment granting defendant's motion for summary judgment dismissing plaintiff's negligence suit. We affirm.

On October 17, 1984, the parties were both civilian employees of the United States Government who worked at the Defense Depot Ogden, Utah (DDOU). That morning, while walking from the parking lot to her place of employment, both located on the DDOU facility, plaintiff was struck by defendant's privately owned vehicle. Defendant had just arrived at DDOU and was preparing to park prior to beginning his working day.

Subsequent to medical treatment for the injuries she suffered, plaintiff applied for and received workmen's compensation benefits in accordance with the Federal Employees' Compensation Act. Plaintiff also filed a complaint against defendant in state court alleging her injuries resulted from the negligent and careless manner in which he operated his vehicle.

The district court granted defendant's motion for summary judgment and its conclusion of law stated:

> Under both the State Law of the State of Utah, and the applicable law under the Federal Employees' Compensation Act and the Federal Drivers' Act, and the cases decided by both the State Court and the various Federal Courts hold, and this Court accordingly holds that the Workmen's Compensation benefits applied for by the plaintiff and paid by the employer of the plaintiff and the defendant is the exclusive remedy in this case,

the accident having occurred on the employer's premises, even though the employee had not yet arrived at her work station. Workmen's Compensation being the exclusive remedy to the plaintiff both as against her employer, the United States of America, and her fellow employee, the defendant Russell C. Berrett, judgment should be granted to the defendant Russell C. Berrett on his motion for summary judgment.

▇ The basic issues presented on appeal are whether plaintiff was in the "course of her employment" at the time of her injury, and whether an action for negligence against defendant is available.

We must first determine the applicable definition of scope or course of employment. The correct rule is provided in *Wilkinson v. Gray*, 523 F.Supp. 372, 374 (E.D. Va.1981) where the court declared, "In determining whether or not a federal employee's acts are within the scope of his employment, this Court is bound to apply state law." *See also Nasuti v. Scannell*, 792 F.2d 264, 266 n. 3 (1st Cir.1986). The Utah Supreme Court in *Soldier Creek Coal Co. v. Bailey*, 709 P.2d 1165 (Utah 1985), established the Utah law in this situation:

> Travel to and from work is not generally considered to be "in the course of ... employment." However, there are two exceptions to this going-to-and-from-work rule. Under the first exception, the accident is covered if it occurs on the employer's premises, even if the employee has not yet arrived at his work site or has already left the work site.

*Id.* at 1166 (citation omitted). The Court continued, "The employer's property line provides a bright line test for application of the premises rule, based on the logic that while the employee is on the employer's premises, his connection with employment is both 'physical and tangible.'" *Id.* at 1167. In view of these clear dictates, we conclude that both parties were in the scope and course of their employment when the accident occurred.

We next consider whether plaintiff may bring a cause of action under Utah state law. Utah Code Ann. § 35–1–60 (1974) states:

> The right to recover compensation pursuant to the provisions of this title for injuries sustained by an employee ... shall be the exclusive remedy against the employer and shall be the exclusive remedy against any officer, agent or employee of the employer and the liabilities of the employer imposed by this act shall be in place of any and all other civil liability whatsoever, at common law or otherwise, to such employee ... on account of any accident or injury or death, in any way contracted, sustained, aggravated or incurred by such employee *in the course of or because of or arising out of his employment,* and no action at law may be maintained against an employer *or against any officer, agent or employee of the employer* based upon any accident, injury or death of an employee (emphasis added).

The exclusivity of the remedy to an individual injured "in the course of or because of or arising out of his employment" is clear and was reaffirmed in *Morrill v. J & M Constr. Co., Inc.*, 635 P.2d 88, 89 (Utah 1981). We hold that plaintiff[1] is only entitled to workers' compensation pursuant to Utah Code Ann. § 35–1–45 (1987) as restricted by section 35–1–60.[2]

---

1. We recognize that plaintiff is a federal employee and is not actually an "employee" as defined by Utah Code Ann. § 35–1–43 (1987). By bringing a negligence action in state court, plaintiff must present a claim under Utah law and is subject to the restrictions placed on her by Utah statutes and case law.

2. We decline to follow those jurisdictions which allow plaintiff recovery from both workers' compensation and from a fellow employee who might have caused plaintiff's injury. Such a result necessitates finding that plaintiff was in the course of her employment for the purposes of workers' compensation and that defendant was in some other status. Of course, defendant could not have been in the course of his employment if he had driven his vehicle into plaintiff with the intent to kill or maim; a criminal course of action, not contemplated as part of his employment. *Bryan v. Utah Int'l*, 533 P.2d 892 (Utah 1975).

■ Under the Federal Drivers Act,[3] no civil action may be brought against a federal employee for personal injuries resulting from that employee's operation of a motor vehicle. The purpose of the legislation is shown as:

> The Drivers Act was enacted to relieve government employees of the burden of personal liability for accidents which occurred on the job; for unlike many employers, the United States neither maintained liability insurance which protected its employees nor assisted them in paying for their own insurance against on-the-job accidents.

*Carr v. United States*, 422 F.2d 1007, 1009 (4th Cir.1970). Under the provisions of the Federal Drivers Act, plaintiff's exclusive remedy is against the United States. Plaintiff filed for and received benefits from the United States Government. The provisions of 5 U.S.C. § 8116(c) (1980)[4]

make this the exclusive remedy against the United States. By her action, she is barred from pursuing any other remedy.

Utah R.Civ.P. 56 and the requirements in *Atlas Corp. v. Clovis Nat. Bank*, 737 P.2d 225, 229 (Utah 1987), force the conclusion that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.

The judgment of the trial court granting defendant's motion for summary judgment is affirmed. Costs against plaintiff.

BENCH and JACKSON, JJ., concur.

---

**3.** 28 U.S.C. § 2679(b) (1987): "The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

**4.** "The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or

death of an employee *is exclusive and instead of all other liability of the United States* or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or a member of a crew of a vessel" (emphasis added).