Arlene Lorraine SMITH, Plaintiff,

v.

AMERICAN EXPRESS TRAVEL—RELATED SERVICES, Defendant.

No. 90–C–936A.

United States District Court, D. Utah, C.D.

June 18, 1991.

---

Robert F. Orton, Marsden, Orton, Cahoon & Gottfredson, Salt Lake City, Utah, for plaintiff.

Robert C. Keller, Snow, Christensen & Martineau, Salt Lake City, Utah, for defendant.

## ORDER SUPPLEMENTING DECISION ANNOUNCED FROM THE BENCH

ALDON J. ANDERSON, Senior District Judge.

The above captioned case is now before the court on Defendant's Motion for Summary Judgment. The court heard oral ar-

guments and ruled at a hearing on June 7, 1991. The court believes a written explanation of its bench ruling will be useful and so files this memorandum opinion.

## BACKGROUND

■ This case revolves around the Utah state workers' compensation program. The court feels that a brief outline of that scheme is useful for placing the current dispute in context. Based on the representations of counsel and the court's experiences in the area, the court understands the workers' compensation scheme to function generally as follows. Workers' compensation schemes are the modern American method of dealing with the societal problems resulting from employment related injuries. It is a system that is neither entirely based on the principles of tort law nor the doctrine of social insurance but incorporates elements of both. Workers' compensation is a system for providing wage benefits and medical care to the victims of work-connected injuries without regard to fault. The scheme is designed to pass the cost of these injuries along to the consumer of the product, the manufacturing of which led to the injury.

■ Before an employer may begin operations, the employer must secure insurance that meets certain legal requirements. Through this insurance, the employer is required to pay the cost of all work related injuries suffered by its employees regardless of fault. In return for undertaking this burden of quasi-strict liability, the employer receives a form of immunity from private personal injury lawsuits instituted by injured employees. The employee makes a similar trade. In return for a no fault guarantee of a payment of damages, the employee sacrifices his or her right to pursue private litigation against the employer. If both sides follow the rules, the courts have no involvement. High transaction costs and delays associated with civil litigation are thereby reduced. Any disputes over the degree of compensation due is decided by an administrative agency. *See generally* A. Larson, *Workmen's Compensation for Occupations Injuries and Death* § 1 (desk ed.1991) (describing theory underlying workers' compensation).

■ The grant of a quasi-immunity from private suit is not a complete bar to private suits. Two methods of avoiding the limitation are relevant in this case. The first results from the employer's actions. The quasi-immunity from suit is based on the exclusive remedy provision in the workers' compensation act. The section provides that workers' compensation system is the exclusive remedy available to the injured employee if the requirements of the act have been fulfilled. *See* U.C.A. § 35-1-60 (1988). If the employer has failed to provide approved insurance as required, the employee has a choice of proceeding by civil litigation, U.C.A. § 35-1-57, or by pursuing damages payments under the workers' compensation system, U.C.A. § 35-1-58.

■ The second method of avoiding the exclusive remedy limitation is based on the scope of workers' compensation. Workers' compensation only provides coverage for work related injuries. Under the Utah workers' compensation act, the only injuries covered are those "arising out of and in the course of ... employment." U.C.A. § 35-1-45 (1988). The employee is, therefore, not bound by the exclusive remedy limitation if his or her injury does not arise out of or in the course of employment.

## ANALYSIS

In the current suit, Plaintiff is attempting to pursue a personal injury suit directly against her employer. Plaintiff asserts that both of the above described lines of reasoning permit her to bypass the exclusive remedy limitation. She asserts that her employer, the Defendant, failed to fulfill his obligation under the workers' compensation act. Plaintiff also argues that her injury did not "arise out of and in the course of" her employment.

1. *Employer's Failure to Fulfill Duty.*

■ Plaintiff's first argument is that Defendant failed to honor its obligation imposed under § 35-1-46 of the Utah Code. The section states, "Employers ... shall

secure the payment of workers' compensation benefits for their employees...." U.C.A. § 35–1–46. Plaintiff asserts that § 35–1–46 makes her employer the guarantor of her actual receipt of all benefits. Plaintiff alleges that she has not received payment of all the benefits to which she is entitled. Plaintiff contends that since her employer has refused to "secure" the payment of benefits owed, it has not fulfilled its duty and she is, therefore, not bound by the exclusive remedy limitation.

Plaintiff misinterprets § 35–1–46 by failing to read the section in its entirety. The section actually requires the employer to "secure" payment of benefits "by" one of three described methods. In pertinent part, the section states, "Employers ... shall secure the payment of workers' compensation benefits for their employees: ... (b) *by* insuring, and keeping insured, the payment of this compensation with any stock corporation or mutual association authorized to transact the business of workers' compensation insurance in this state...." U.C.A. § 35–1–46 (emphasis added). The duty, therefore, imposed on the employer by this section is merely to provide a qualifying insurance policy.

That Defendant provided a qualifying insurance policy for Plaintiff through an authorized stock corporation is not disputed by the parties. The court, therefore, finds that the parties have presented no issue of material fact that could be resolved so as to permit Plaintiff to escape the exclusive remedy provision based on this line of argument.

### 2. *Injuries Not Within Workers' Compensation.*

Plaintiff's second line of argument is based on the nature of the accident that caused her injuries. Plaintiff asserts that her injuries are not injuries "arising out of and in the course of [her] employment." The workers' compensation system and its exclusive remedy provision, therefore, should not apply to her quest for payment of damages.

Plaintiff works in a building owned by her employer, Defendant. Plaintiff was in-jured when she fell on the sidewalk outside Defendant's building. Defendant owns and/or controls the sidewalk on which Plaintiff was injured. Plaintiff slipped and fell on the Defendant's sidewalk when she was returning to work after having visited a nearby bank on personal business. Plaintiff essentially contends that, because she was outside the building and returning from a personal errand, her injury was not in the course of nor did it arise out of her employment. If this were true, Plaintiff would not be limited by the exclusive nature of workers' compensation.

Plaintiff's argument, however, ignores the pronouncements of the Utah appellate courts on this issue. The Utah Supreme Court stated the relevant general rules in *Soldier Creek Coal Co. v. Bailey*, 709 P.2d 1165, 1166 (Utah 1985). Trips to and from work are not typically considered to be in the course of employment. As in all legal matters, however, courts have recognized exceptions to this simple rule. Under the exception relevant to our case, "the accident is covered if it occurs on the employer's premises, even if the employee has not yet arrived at [her] work site or has left the work site." *Id.* (citation omitted) (court's opinion focused on explanation of a different exception). This exception is called the "premises rule." On first blush, the premises rule appears to decide this case in favor of Defendant since the accident occurred on the Defendant employer's premises.

The Court of Appeals of Utah opinion in *Hope v. Berrett*, 756 P.2d 102 (Utah Ct. App.1988), however, even more directly addresses the case now before this court. The *Hope* case involved a pedestrian-vehicle accident. Both parties to the accident were employees and the accident occurred in the employer's parking lot as the employees were going home after work. Based on the bright line test of the premises rule, the court held "that both [employees] were in the scope and course of their employment when the accident occurred." *Id.* at 103.

■ Taken together, these two cases seem to require that Plaintiff be bound by the exclusive remedy provision since she was injured on her employer's premises while traveling to work. Plaintiff, however, asserts that these two cases are not applicable because they were decided prior to a recent amendment made to § 35-1-45. The amendment changed "arising out of or in the course of" to "arising out of and in the course of" employment. U.C.A. § 35-1-45 ("Amendment Notes"). Plaintiff contends that this change from the disjunctive to the conjunctive alters the requirements of the statute. Plaintiff cites an old Utah Supreme Court case that strongly supports her contention. *See Tavey v. Industrial Comm'n of Utah*, 106 Utah 489, 150 P.2d 379, 380 (Utah 1944) (noting change in meaning of workers' compensation statute when legislature changed conjunctive to disjunctive in same phrase). Though logic and precedent may agree that the amendment did effect a change in meaning, Plaintiff offers no explanation of what that change is or how it might affect the legal precedents as they apply to the facts now before the court.

This court can find no reason to believe the amendment undermines the precedential value of *Soldier Creek* or *Hope* as applied to the current facts. Despite the disjunctive language in effect at the time, the Court of Appeals of Utah specifically used the conjunctive in *Hope. See Hope*, 756 P.2d at 103. When the Utah courts have previously mentioned this issue, their pronouncements give no indication that a result different than that in *Hope* should be reached here. In *M & K Corp. v. Industrial Comm'n*, 112 Utah 488, 189 P.2d 132, 134 (1948), the Utah court, quoting a previously accepted authority, stated, "the words 'arising out of' are construed to refer to the origin or cause of the injury, and the words, 'in the course of' to refer to the time, place, and circumstances under which it occurred." *Id.*

This court believes that the Utah Supreme Court would determine that the current facts satisfy both requirements. The Plaintiff suffered injuries while returning to her place of work for the purpose of working. When she was injured, she was about to enter her employer's building where she worked and was on a sidewalk adjacent to the building and owned by her employer. In other words, her walk to work was the "origin" of her injury and the injury occurred under time, place, and circumstances closely allied with her workplace. *See generally Bountiful Brick Co. v. Giles*, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507 (1928) (employment includes reasonable margin of time and space necessary for passing to and from work); *Park Utah Consolidated Mines Co. v. Industrial Comm'n*, 103 Utah 64, 133 P.2d 314 (1943) (public walkway slick with snow and ice that is only practical means of entrance is hazard peculiar to employment and within workers' compensation coverage). For these reasons, this court finds that the *Hope* decision is applicable and directs this court to reject Plaintiff's argument that her injuries were not within the workers' compensation scheme.

CONCLUSION

The court rejects Plaintiff's claim that Defendant has failed to "secure" payment of workers' compensation benefits as required by the Utah Code and thereby invalidated the exclusive remedy clause. The court further finds no merit in Plaintiff's assertion that her injuries are not the type of injury intended to be covered by workers' compensation. Plaintiff's claims, therefore, are barred by the exclusive remedy provision of the Utah Workers' Compensation Act. Defendant is entitled to judgment as a matter of law.

IT IS SO ORDERED.