**2017 UT App 29**

# THE UTAH COURT OF APPEALS

MARJORIE ANN BROWN,
Appellant,
*v.*
LENNIE WILLIAMS,
Appellee.

Opinion
No. 20150412-CA
Filed February 16, 2017

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 130906495

J. Bradford DeBry and Zachary E. Lambert,
Attorneys for Appellant

Richard K. Glauser and David E. Brown, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
STEPHEN L. ROTH and DAVID N. MORTENSEN concurred.

TOOMEY, Judge:

¶1      This case involves an auto-pedestrian accident. Marjorie
Ann Brown appeals the district court's order granting summary
judgment in favor of the defendant, Lennie Williams. Brown
argues the court inappropriately applied workers' compensation
law in a negligence suit. She also argues summary judgment
should have been denied because there is a genuine dispute as to
a material fact. We affirm.

BACKGROUND

¶2     In January 2012, Brown was injured in an auto-pedestrian accident while she was on her way to work for the Internal Revenue Service in its Ogden, Utah office. The IRS building site includes an employee-designated parking lot. For security purposes, a fence surrounds both the building and the parking lot. There is only one access point into the facility, which is controlled by third-party security personnel. To enter the facility, employees are required to show their IRS employee badges.

¶3     On the morning of the accident, after passing through security and parking her vehicle, Brown was walking through the parking lot toward the building when she was struck by a vehicle driven by Alice Nelson,[1] another IRS employee.

¶4     After her federal workers' compensation claim was denied,[2] Brown filed a third-party negligence suit against

---

1. Alice Nelson, the original defendant, died after the complaint was filed in the district court. On May 16, 2014, Nelson's son, Lennie Williams, as personal representative of Nelson's estate, substituted as the defendant. For simplicity, we will refer to the defendant in this case as Williams, even if Nelson was the defendant at the time of the reference.

2. During oral argument, Brown's counsel confirmed this denial. Williams attached to his brief a notice of decision issued by the Office of Workers' Compensation Programs (the Office), which explains the ground for denying Brown's claim. The Office denied Brown's claim because she did not provide sufficient evidence showing the accident occurred on IRS premises. The Office explained, however, that Brown could request that the Office reconsider her claim by providing additional evidence and filing the request within twelve months of the issuance of

(continued…)

Williams. Williams moved for summary judgment, arguing that because the accident occurred on IRS premises, workers' compensation law precluded the negligence suit under the exclusive remedy provision of the Utah Workers' Compensation Act (the Act).[3] Brown opposed summary judgment, arguing the Act did not apply and that the accident did not occur on IRS premises. Brown arrived at this conclusion because the IRS does not own the building or parking lot, and a private entity is responsible for the security of the premises. The district court granted Williams's motion for summary judgment, concluding Brown was entitled to workers' compensation, because under recent case law, an employer's parking lot is considered a part of its premises; therefore, workers' compensation was Brown's

---

(…continued)
the denial. Williams also attached to his brief a letter from the Office to Brown outlining the provisional medical payments Brown received before her claim was denied. Williams argues the provisional payments bar Brown from obtaining other relief. The Utah Supreme Court has stated that "[b]y definition, if an employee is collecting workers' compensation benefits under the Act, his injury occurred within the course of his employment because that is a prerequisite to the receipt of benefits." *Stamper v. Johnson*, 2010 UT 26, ¶ 16, 232 P.3d 514. Neither the Office's notice of decision, nor the letter outlining the provisional payments to Brown, were included in the record. We therefore do not consider them and do not address Williams's argument.

3. Although Brown and Williams were federal employees and are not considered to be employees under section 34A-2-104 of the Utah Workers' Compensation Act, "[b]y bringing a negligence action in state court, [Brown] must present a claim under Utah law and is subject to the restrictions placed on her by Utah statutes and case law." *Hope v. Berrett*, 756 P.2d 102, 103 n.1 (Utah Ct. App. 1988).

exclusive remedy. Accordingly, the court dismissed Brown's claim with prejudice. Brown appeals.

ISSUES AND STANDARD OF REVIEW

¶5 Brown raises two issues on appeal. First, she contends the district court should have applied the "course of employment" rules under tort law, rather than workers' compensation law, to determine whether Brown and Williams acted within the course of their employment at the time of the accident. "Whether the district court applied the correct legal standard is a question of law, which we review for correctness." *Bad Ass Coffee Co. of Haw. v. Royal Aloha Int'l, LLC*, 2015 UT App 303, ¶ 6, 365 P.3d 161.

¶6 Second, Brown contends summary judgment was inappropriate because there is a genuine issue of material fact. Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Utah R. Civ. P. 56(c) (2015).[4] "In cases where the facts are in dispute, summary judgment is only granted when, viewing the facts in a light most favorable to the party opposing summary judgment, the moving party is entitled to judgment." *Clover v. Snowbird Ski Resort*, 808 P.2d 1037, 1039 (Utah 1991). "The determination of whether the facts, viewed in this light,

---

4. Although rule 56 was amended in 2016, we cite the rule that was in effect at the time the motion was filed. *See State v. Clark*, 2011 UT 23, ¶ 13, 251 P.3d 829 ("[W]e apply the law as it exists at the time of the event regulated by the law in question."). Williams filed his motion for summary judgment in January 2015, and we therefore cite the 2015 version of rule 56. The amendment, among other things, moved the language setting forth the summary judgment standard to subsection (a). *See* Utah R. Civ. P. 56(a) (2016). Although it is now found in a new subsection, the summary judgment standard did not change.

justify the entry of judgment is a question of law," which we review for correctness. *Id.* at 1039–40.

ANALYSIS

¶7     There are two issues before us. First, whether the district court correctly applied workers' compensation law in lieu of tort law, where Brown brought a negligence suit. Second, whether the court appropriately granted summary judgment.

I. Applicable Law

¶8     We must determine whether the district court correctly applied workers' compensation law instead of tort law. To decide this issue, we first look to the Act. It states, in relevant part:

> The *right* to recover compensation pursuant to this chapter for injuries sustained by an employee, whether resulting in death or not . . . is the *exclusive remedy* against any officer, agent, or employee of the employer and the liabilities of the employer imposed by this chapter is in place of any and all other civil liability whatsoever, at common law or otherwise, to the employee . . . on account of any accident or injury or death, in any way contracted, sustained, aggravated, or incurred by the employee in the course of or because of or arising out of the employee's employment, and an action at law may not be maintained against an . . . employee of the employer based upon any accident, injury, or death of an employee.

Utah Code Ann. § 34A-2-105(1) (LexisNexis 2015) (emphases added). Thus, where an employee has the *right* to recover workers' compensation, this is her exclusive remedy. If the

injury occurred within the course of employment, the Act prevents an employee from choosing the arena in which to bring a claim. In other words, if an employee is injured during the course of employment, and thus has a *right* to workers' compensation, the employee may not forgo that right and instead bring a tort claim.

¶9      Moreover, as the Utah Supreme Court has stated, the Act "should be liberally construed," and where there is doubt as to whether a worker qualifies as an employee under the Act, it should be resolved in favor of determining that the worker is an employee. *Utah Home Fire Ins. v. Manning*, 1999 UT 77, ¶¶ 18–19, 985 P.2d 243 (determining that a temporary employee qualified as an employee under the Act); *Bennett v. Industrial Comm'n of Utah*, 726 P.2d 427, 428, 430–31 (Utah 1986) (concluding that a subcontractor's employee was an employee of the general contractor for purposes of workers' compensation).

¶10     To determine whether Brown had the right to workers' compensation, we must first determine whether, under Utah law, the accident occurred during the course of employment. *See Hope v. Berrett*, 756 P.2d 102, 103 (Utah Ct. App. 1988) ("In determining whether or not a federal employee's acts are within the scope of his employment, this Court is bound to apply state law." (citation and internal quotation marks omitted)).

¶11     As a general rule under workers' compensation law in Utah, "an employee's injury does not arise out of and occur in the course of employment if the injury is sustained while going to or coming from work." *Salt Lake City Corp. v. Labor Comm'n*, 2007 UT 4, ¶ 19, 153 P.3d 179. This is referred to as the "coming and going rule." *Id.* ¶ 27. Although this is the general rule, there are some exceptions. Relevant to our case is the "premises rule" exception. Under the premises rule, "the accident is covered if it occurs on the employer's premises, even if the employee has not yet arrived at his work site or has already left the work site."

*Soldier Creek Coal Co. v. Bailey*, 709 P.2d 1165, 1166 (Utah 1985). Utah courts view the premises rule as a bright line test: if the accident occurred within the employer's property lines, the employee acted within the course of her employment. *See id.* at 1167. This is "based on the logic that while the employee is on the employer's premises, his connection with employment is both 'physical and tangible.'" *Id.* (quoting 1 A. Larson, *The Law of Workmen's Compensation* § 15.12(a) (1985)).

¶12    Applying the premises rule is not uncharted territory for this court. Indeed, in *Hope* we applied the premises rule to a similar set of facts. 756 P.2d at 102–03. There, two federal government employees were involved in an auto-pedestrian accident on their way to work. *Id.* at 102. The plaintiff was struck by a co-employee's vehicle while she was walking from the parking lot to the building. *Id.* The plaintiff applied for and received workers' compensation benefits but also filed a negligence claim against her co-employee in state court. *Id.* The district court granted the co-employee's motion for summary judgment, concluding that the workers' compensation benefits constituted the plaintiff's exclusive remedy. *Id.* at 102–03. On appeal, we held that because the parking lot and building were on the same property, "both parties were in the scope and course of their employment when the accident occurred," and therefore, the workers' compensation benefits constituted the plaintiff's exclusive remedy. *Id.* at 103–04.

¶13    *Hope* is controlling in the present case.[5] There is no dispute that the accident here occurred within the fenced portion

---

5. Brown urges us to overturn *Hope v. Berrett*, 756 P.2d 102 (Utah Ct. App. 1988), on the ground that the Utah Supreme Court effectively overruled it in a series of cases. *See Ahlstrom v. Salt Lake City Corp.*, 2003 UT 4, ¶ 1, 73 P.3d 315 (negligence claim against city by driver who was injured when a police officer's

(continued…)

of the IRS property between two co-employees. There is likewise no dispute that the parking lot was designated for IRS employees. Accordingly, we conclude that the accident occurred on IRS premises and that Brown has a right to workers' compensation benefits. Thus, workers' compensation benefits are Brown's exclusive remedy, and the district court properly dismissed Brown's negligence claim.

## II. Summary Judgment

¶14    Brown argues the district court "made findings of fact on disputed issues of critically important fact," and that summary judgment is inappropriate. We disagree with Brown's characterization of the court's determinations.

¶15    The Utah Rules of Civil Procedure permit a court to grant summary judgment only where there is no genuine issue of material fact and the moving party is entitled to judgment as a

---

(…continued)
vehicle collided into the driver's car); *Clover v. Snowbird Ski Resort*, 808 P.2d 1037, 1038 (Utah 1991) (claim by ski resort guest against the ski resort for injuries caused by resort employee); *Birkner v. Salt Lake County*, 771 P.2d 1053, 1055 (Utah 1989) (claim by patient against the county for misconduct by her therapist). Brown's argument misses the mark. *Hope* remains good law. Each of the cases upon which Brown relies involves respondeat superior claims that did not involve an accident between two co-employees on their employer's premises. *See Ahlstrom*, 2003 UT 4, ¶¶ 6, 15; *Clover*, 808 P.2d at 1040; *Birkner*, 771 P.2d at 1055. In these cases, there was no need to apply workers' compensation law, as they were squarely within the province of tort law. Accordingly, the Utah Supreme Court applied the course of employment rules under tort law, and these cases have no bearing on *Hope* or the present case.

matter of law. Utah R. Civ. P. 56(c) (2015). But here, there is no genuine issue of material fact. Brown contends that, because the IRS did not own and control the premises, including the building and parking lot, the accident did not occur on IRS premises. Williams does not dispute that the IRS does not own and control the building and parking lot, but that is not dispositive to our analysis. There is likewise no dispute that the accident occurred within the fenced portion of the IRS premises. While Brown makes a creative argument, it is a legal argument cloaked as a factual dispute.

¶16    Even after recognizing that Brown makes a legal argument, and addressing it in that light, we are not persuaded. Consider the situation, as here, where an employer rents its workspace. If ownership and control were dispositive to the premises rule analysis, the employer's own building would not be considered a part of its premises. In addition, Brown does not cite any case law or direct us to any provision of the Act requiring that an employer own and control its parking lot to establish that the space is a part of the employer's premises. This stance conflicts with the majority rule applied in these situations:

> As to parking lots owned by the employer, or maintained by the employer for its employees, practically all jurisdictions now consider them part of the "premises," whether within the main company premises or separated from it. This rule is by no means confined to parking lots owned, controlled, or maintained by the employer. The doctrine has been applied when the lot, although not owned by the employer, was exclusively used, or used with the owner's special permission, or just used, by the employees of this employer.

2 Lex K. Larson, *Larson's Workers' Compensation Law* § 13.04(2)(a) (Matthew Bender rev. ed. (2016)) (footnotes omitted). Although

it appears no Utah case has specifically adopted the majority rule as it relates to parking lots, we see no reason it would not apply in the circumstances here. The parking lot rule squarely aligns with our policy of liberally construing the Act to resolve doubts in favor of finding that the employee was in the course of employment. See *Utah Home Fire Ins. v. Manning*, 1999 UT 77, ¶¶ 18–19, 985 P.2d 243. Accordingly, the court properly granted summary judgment, as there was no genuine issue of material fact, and Williams was entitled to judgment as a matter of law.

## CONCLUSION

¶17    We conclude the district court correctly applied workers' compensation law. In addition, summary judgment was appropriate because workers' compensation benefits are Brown's exclusive remedy and there were no material issues of fact for trial.

¶18    Affirmed.

––––––––––