*This opinion is subject to revision before final publication in the Pacific Reporter*

**2019 UT 55**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

INTERCONTINENTAL HOTELS GROUP
and AMERICAN ZURICH INS. CO.,
*Petitioners,*

*v.*

UTAH LABOR COMMISSION
and JESSICA WILSON,
*Respondents.*

No. 20170501
Filed September 4, 2019

On Certification from the Court of Appeals

Attorneys:

Bret A. Gardner, Kristy L. Bertelsen, Scott R. Taylor, Salt Lake City, for petitioners

Christopher C. Hill, Salt Lake City, for respondent
Utah Labor Commission

Gary E. Atkin, Kenneth E. Atkin, Salt Lake City,
for respondent Jessica Wilson

CHIEF JUSTICE DURRANT authored the opinion of the Court, in which ASSOCIATE CHIEF JUSTICE LEE, JUSTICE HIMONAS, JUSTICE PEARCE, and JUSTICE PETERSEN joined.

CHIEF JUSTICE DURRANT, opinion of the Court:

**Introduction**

¶1 Jessica Wilson was injured after she tripped and fell in a parking lot while walking into work. To pay for her injuries, Ms. Wilson requested workers' compensation benefits from her employer, Intercontinental Hotels Group (IHG), which IHG denied. Ms. Wilson appealed this denial to the Utah Labor Commission, and the Labor Commission ordered IHG to award benefits. IHG now asks us to overturn the Labor Commission's decision. Because the Labor Commission did not err in concluding that Ms. Wilson's

injuries arose out of, and in the course of, her employment with IHG, we decline to do so.

**Background**

¶2    Ms. Wilson tripped and fell in a parking lot next to IHG's office building while on her way to work. Although IHG does not own the parking lot in which Ms. Wilson fell, it does have a "nonexclusive right" to use the entire parking lot, as well as "exclusive parking rights" to certain spaces in the lot.[1] At the time of the fall, the parking lot was free of any obvious tripping hazards, such as ice, cracks, or other defects.

¶3    As a result of the fall, Ms. Wilson injured her right foot—an injury that necessitated two surgeries and the amputation of her right third toe. To cover her medical costs, and to receive temporary disability compensation, Ms. Wilson filed a workers' compensation claim. But American Zurich Insurance Co., IHG's workers' compensation provider, denied Ms. Wilson's claim because it believed that, under the going-and-coming rule, her accident did not arise out of and in the course of her employment—a prerequisite to workers' compensation coverage under Utah law. Ms. Wilson challenged this denial by filing a claim with the Labor Commission.

¶4    An administrative law judge with the Labor Commission reviewed Ms. Wilson's claim and, after holding an evidentiary hearing, concluded that Ms. Wilson was entitled to workers' compensation benefits. The judge found that Ms. Wilson had "slipped and f[allen] in the parking area her employer directed her to use." As a result, the judge concluded that she was entitled to compensation under what courts often refer to as the premises rule. IHG appealed this decision to the Labor Commission's appeals board.

¶5    The Labor Commission affirmed the administrative law judge's ruling. In so doing, it found that "the communal parking area where the accident occurred [was] . . . part of IHG's premises for purposes of determining compensability under the Utah Workers' Compensation Act." For this reason, it held that Ms. Wilson's injury was "not precluded from compensability under the going and coming rule and the accident [wa]s considered to have

---

[1] In exchange for these parking rights, IHG pays the landlord's parking-lot-maintenance costs.

arisen out of and in the course of her employment." In accordance with Utah Code section 63G-4-401, IHG petitioned the Utah Court of Appeals to review the entirety of the Labor Commission's order. The court of appeals subsequently certified the case to this court. We have jurisdiction pursuant to Utah Code section 78A-3-102(3)(b).

## Standard of Review

¶6    IHG asks us to reconsider the Labor Commission's order affirming the award of workers' compensation benefits to Ms. Wilson. "Whether the [Labor] [C]ommission correctly or incorrectly denied benefits is 'a traditional mixed question of law and fact.'"[2] And the "standard of review we apply when reviewing a mixed question can be either deferential or non-deferential."[3] "Deference on a mixed question is warranted when the mixed finding is *not* law-like because it does not lend itself to consistent resolution by a uniform body of appellate precedent or *is* fact-like because the [factfinder] is in a superior position to decide it."[4] In this case, we must review two Labor Commission determinations: one determination that is law-like—whether certain "going and coming" exception factors we identified in a previous case applied to accidents on an employer's premises—and another that is fact-like— whether the accident in this case occurred on the employer's premises. Accordingly, we review the first determination without deference, and the second determination with deference.

## Analysis

¶7    IHG argues that the Labor Commission erred when it determined that Ms. Wilson was entitled to workers' compensation benefits under Utah Code section 34A-2-401 (workers' compensation statute). This statute entitles an employee to workers' compensation benefits if the employee "is injured . . . by accident *arising out of* and *in the course of* the employee's employment."[5] The workers' compensation statute includes two requirements that are relevant to this case: the accident must (1) arise out of Ms. Wilson's employment with IHG, and (2) occur in the course of her employment with IHG. IHG argues that the accident did not arise out of Ms. Wilson's

---

[2] *Jex v. Utah Labor Comm'n*, 2013 UT 40, ¶ 15, 306 P.3d 799.

[3] *Id.* (internal quotation marks omitted).

[4] *Id.* (alteration in original) (internal quotation marks omitted).

[5] UTAH CODE § 34A-2-401(1) (emphases added).

employment, because her injury did not stem from an employment-related risk. And it argues that the accident did not occur in the course of employment, because Ms. Wilson was traveling to work at the time.[6] We disagree on both counts.

### I. Ms. Wilson's Accident Arose Out of Her Employment With IHG

¶8    The first piece of the workers' compensation statute at issue is the meaning of the phrase "arising out of" employment. Ms. Wilson was injured when she tripped and fell in a parking lot next to IHG's office building while on her way to work. At the time of the fall, the parking lot was free of any obvious tripping hazards, such as ice, cracks, or other defects. IHG argues that the workers' compensation statute does not cover the unexplained fall in this case, because the "arising out of" element introduces a causation element into the workers' compensation statute. And IHG argues that this causation element limits compensation to only those injuries sustained as a result of exposure to risk "to which the general public is not exposed." Although we agree that the phrase "arising out of" introduces a causation element into the analysis, we hold that, in the workers' compensation context, the causation element is broad enough to encompass the unexplained fall in this case.

*A. The phrase "arising out of" introduces an element of causation into the workers' compensation analysis*

¶9 The "arising out of" requirement in the workers' compensation statute requires that an accident be caused, in some sense, by an employee's employment. In *Bountiful Brick Co. v. Giles*, the United States Supreme Court stated that liability for an employee's injury "was constitutionally imposed under the Utah Compensation Law if there was a *causal connection* between the injury and the employment."[7] And in *Utah Apex Mining Co. v.*

---

[6] IHG argues that Ms. Wilson's travel-related accident is not compensable under what courts often refer to as the going-and-coming rule. Under the going-and-coming rule, where an employee is injured while traveling to or from the employer's premises, the employee is not entitled to workers' compensation. *See infra* ¶ 27. But, as we explain in section II of this opinion, the going-and–coming rule does not apply in this case, because Ms. Wilson's accident occurred on IHG's premises.

[7] 276 U.S. 154, 158 (1928) (emphasis added).

*Industrial Commission of Utah*,[8] one of our earliest workers' compensation cases, we explained that the "arising out of" phrase "refer[s] to the origin or cause of the injury." Subsequent cases have also interpreted the "arising out of" language as introducing a causation element into the statute.[9] So, under our case law, the phrase "arising out of" introduces a causation requirement into the workers' compensation analysis. We further clarified the nature of this causation requirement in *Allen v. Industrial Commission*.[10]

¶10 In *Allen*, we explained that the workers' compensation statute contained a causation requirement that made it necessary to distinguish those injuries that "coincidentally occur at work because a preexisting condition results in symptoms which appear during work hours without any enhancement from the workplace," from those injuries which occur because of some condition or exertion required by the employment.[11] After recognizing this causation requirement, we adopted Professor Larson's "two-part causation test."[12] The two parts of this test are (1) legal causation and (2) medical causation. We explained that under "the legal test, the law must define what kind of exertion satisfies the test of 'arising out of the employment.'"[13] And under the medical causation test, "the doctors must say whether the exertion (having been held legally sufficient to support compensation) in fact caused this [injury]."[14] Thus, *Allen* established that injuries legally and medically caused by a work accident satisfy the "arising out of" element of the workers'

---

[8] 248 P. 490, 493 (Utah 1926) (internal quotation marks omitted).

[9] *See, e.g.*, *M & K Corp. v. Indus. Comm'n*, 189 P.2d 132, 134 (Utah 1948) ("The distinction being that in order for an accident to arise out of the employment a more definite and closer causal relationship is required than is necessary for an accident to arise in the course of the employment but in the latter a closer relationship must exist as to time and place and as to the nature and type of work being performed.").

[10] 729 P.2d 15 (Utah 1986).

[11] *Id.* at 25.

[12] *Id.* (citing LARSON, THE LAW OF WORKMEN'S COMPENSATION § 38.83 (1986)).

[13] *Id.*

[14] *Id.* (alteration in original) (internal quotation marks omitted).

compensation statute.[15] Accordingly, we agree with IHG that the phrase "arising out of" introduces a causation requirement into the workers' compensation statute.

*B. Ms. Wilson's accident satisfies the causation requirement*

¶11 Although IHG correctly states that the phrase "arising out of" requires a causal connection between an employee's injury and employment, we reject IHG's argument that this element limits workers' compensation to only those injuries sustained as a result of exposure to risk "to which the general public is not exposed." IHG argues that the workers' compensation statute provides benefits only for those injuries that occur because the employee's employment creates "an increased risk of injury" due to the nature of the employee's work responsibilities. According to IHG, this more restrictive view of causation would seemingly include only such risks as "falling objects, explosives, fingers getting caught in a machine, or a very heavy lift of an object"—in short, only those risks inherent in employment in heavy industry. But we reject this argument because it is inconsistent with our case law.

¶12 Our previous cases have made clear that in applying the legal causation component of *Allen*'s two-part causation test, we need not determine whether the nature of an employee's work responsibilities created an increased risk to which the general public was not exposed. Instead, we need only determine whether the employee's *employment* can be considered "a condition out of which the event arises."[16]

¶13 Significantly, this does not require an injured employee to prove that a condition of the employment produced "the event in affirmative fashion."[17] Rather, an accident is legally caused by employment if it occurs "as a natural consequence" of the employee's employment.[18] So when the requirements of the workers'

---

[15] We note that IHG does not dispute that the medical causation requirement of the *Allen* test has been met, so only the legal causation requirement is at issue in this case.

[16] *Buczynski v. Indus. Comm'n of Utah*, 934 P.2d 1169, 1172 (Utah Ct. App. 1997) (emphasis omitted) (internal quotation marks omitted).

[17] *Id.* (internal quotation marks omitted).

[18] 82 AM. JUR. 2D *Workers' Compensation* § 225 (2019).

compensation statute are triggered, the employer is obligated to provide benefits "regardless of who was at fault in causing [the accident]."[19] The unexplained fall in this case meets that requirement.

¶14 Where "an employee falls while walking down the sidewalk or across a level factory floor for no discoverable reason," the causation requirement is satisfied because the "particular injury would not have happened if the employee had not been engaged upon an employment errand at the time."[20] In other words, in unexplained falls at work, employment constitutes a condition out of which the accident arises because that particular accident would not have happened where and when it did if employment obligations had not required the employee to be walking where he or she was walking at the time of the accident. Although this concept of causation would be insufficient to sustain a finding of tort liability, "most courts confronted with the unexplained-fall problem have seen fit to award compensation" in the workers' compensation context.[21] Our case law is consistent with this rule.

¶15 In *Bountiful Brick*, the Supreme Court explicitly held that there "was a causal connection" between an employee's employment and an injury the employee suffered while walking.[22] The Court explained that "employment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done."[23] And if "the employee [is] injured while passing" to or from the place where work is to be done "the injury is one arising out of and in the course of the employment."[24] So *Bountiful Brick* suggests that where an employee suffers an injury during travel to a work site, the employee's obligation to travel to the work site sufficiently

---

[19] *Spencer v. Indus. Comm'n*, 290 P.2d 692, 693 (Utah 1955).

[20] LARSON, THE LAW OF WORKMEN'S COMPENSATION § 7.04(1)(a) (2018).

[21] *Id.*

[22] 276 U.S. at 158.

[23] *Id.*

[24] *Id.*

connects the injury to the employment, thus satisfying the causation requirement.[25]

¶16 And this reasoning accords with a number of other Utah cases in which we, or the court of appeals, awarded workers' compensation benefits despite the accidents at issue having stemmed from risks to which the general public is equally exposed. For example, Utah courts have awarded compensation for injuries sustained in car accidents,[26] while shoveling snow,[27] while walking in a parking lot,[28] and while walking on ice on a public street.[29] In each of these cases, employment did not increase the risk of injury beyond that to which a member of the public would have been exposed. Nevertheless, in each case, we, or the court of appeals, found the injury compensable because it occurred while the employee engaged in an activity connected to the employee's work responsibilities.[30] Accordingly, we reject IHG's risk-based argument, and apply the legal causation test identified in our case law.[31]

---

[25] *See, e.g.*, *Park Utah Consol. Mines Co. v. Indus. Comm'n*, 133 P.2d 314, 317 (Utah 1943) (awarding benefits stemming from a slip-and-fall on ice in front of an employer's entrance even though it did not find that the employer had a duty to keep the area free from snow and ice); *Ae Clevite, Inc. v. Labor Comm'n*, 2000 UT App 35, ¶¶ 12–13, 996 P.2d 1072 (determining that a slip-and-fall accident on an employee's driveway was "connected" to that employee's employment because the employee worked from home and fell while shoveling snow from his driveway so that a work-related package could be delivered to his doorstep).

[26] *Salt Lake City Corp. v. Labor Comm'n*, 2007 UT 4, ¶ 4, 153 P.3d 179.

[27] *Ae Clevite, Inc.*, 2000 UT App 35, ¶¶ 11–14.

[28] *Hope v. Berrett*, 756 P.2d 102, 102–04 (Utah Ct. App. 1988).

[29] *Park Utah Consol. Mines Co.*, 133 P.2d at 317.

[30] We emphasize that in this section we are discussing only the "arising out of" requirement in the statute. To be compensable under the workers' compensation statute, the accident must also satisfy the "in the course of" requirement—a requirement we discuss in Section II of this opinion.

[31] We also note that IHG's risk-based argument seems to be based on a formulation of workers' compensation liability that we

(Continued)

¶17 In this case, Ms. Wilson's unexplained fall satisfies the causation requirement described in our case law. Ms. Wilson's accident occurred while she walked into work. And even though Ms. Wilson could just as easily have slipped while walking to the mall or through the park, Ms. Wilson's "particular injury would not have happened" where and when it did but for her obligation to appear at IHG's offices on the morning of the accident.[32] Accordingly, Ms. Wilson's employment was "a condition" out of which her accident arose.[33]

¶18 In sum, we hold that an injury arises out of employment if the employment was a condition out of which the accident occurred. More specifically, we hold that a slip-and-fall accident arises out of employment where the employee slips and falls in a place, and at a time, in which the employee would not otherwise have been but for the employee's employment obligations. Because Ms. Wilson slipped and fell in a parking lot on her way to work—a place she would not have been were she not obligated to report to work on the day of the accident—we hold that her accident arose out of her employment.

---

disavowed in *Salt Lake City Corp.*, 2007 UT 4, ¶ 20. In that case, we quoted an oft-cited justification for the going-and-coming rule: that injuries "suffered as a consequence of the risks and hazards to which all members of the traveling public are subject" are not compensable. *Id.* ¶ 19. But then we explained that this "formulation of the going and coming rule is poorly equipped to handle the task of evaluating the relationship between an employer and an employee at the time an injury occurs." *Id.* ¶ 20. Additionally, even if we had not disregarded this risk-based formulation of the workers' compensation statute, it would not apply to the question of whether an accident arose out of employment because it was a concept specifically tied to the going-and-coming rule, a rule used to determine whether an accident occurred "in the course of" employment. *See infra* ¶ 23 (explaining that the going-and-coming rule is a judicially created principle that guides courts in determining whether an accident occurred in the course of employment).

[32] LARSON, THE LAW OF WORKMEN'S COMPENSATION § 7.04(1)(a) (2018).

[33] *Buczynski*, 934 P.2d at 1172 (emphasis omitted) (internal quotation marks omitted).

## II. Ms. Wilson's Accident Also Occurred in the Course of Her Employment Because it Occurred on IHG's Premises

¶19  In addition to the "arising out of" requirement, the workers' compensation statute also requires an accident to have occurred "in the course of" employment. The Labor Commission, citing what courts commonly refer to as the premises rule or premises exception, found that Ms. Wilson's accident occurred in the course of her employment. IHG argues this was error. It does so in two ways.

¶20  First, IHG argues that the premises rule is an exception to what we refer to as the going-and-coming rule, and that, after our decision in *Jex v. Utah Labor Commission*,[34] the Labor Commission was required to consider two factors—benefit and control—before applying it in this case.[35] But IHG errs in assuming the going-and-coming rule is relevant in cases involving accidents on an employer's premises. It is not. The going-and-coming rule applies only in cases in which an employee is injured off of an employer's premises. And because the purpose of the *Jex* factors is to help courts determine whether an exception to the going-and-coming rule should be made, the *Jex* factors apply only in cases in which an employee is injured off of an employer's premises. In this case, the Labor Commission found that the accident occurred on IHG's premises. Accordingly, we conclude the Labor Commission did not err in determining that the going-and-coming rule does not bar compensation. And in so concluding, we clarify the nature of the going-and-coming rule and what is often referred to as the premises exception to it.

¶21  Second, IHG argues that, even were the Labor Commission not required to consider the *Jex* factors, it nevertheless erred in determining that Ms. Wilson's accident occurred on IHG's premises. We disagree. Because the Labor Commission did not err in finding that IHG's premises included the parking lot in which Ms. Wilson fell, we also affirm the Labor Commission's finding on this point.

---

[34] 2013 UT 40, 306 P.3d 799.

[35] Under the going-and-coming rule, where an employee is injured while traveling to or from the employer's premises, the employee is not entitled to workers' compensation. *See infra* ¶ 27. Our decision in *Jex* clarified where exceptions to this rule, which would allow recovery for injuries suffered off of an employer's premises, may be applied. *See infra* ¶ 33.

*A. Under the going-and-coming rule, accidents that occur while traveling on an employer's premises occur "in the course of employment"*

¶22 First, IHG argues that the Labor Commission erred in applying the premises rule as a bright-line rule instead of considering the benefit and control factors that we identified in our *Jex* case. But this argument rests on the mistaken assumption that the going-and-coming rule applies to cases involving accidents that occur on an employer's premises. This mistake is understandable in light of cases that have discussed the premises rule as if it were a distinct exception to the going-and-coming rule.[36] But a closer look at the origins of the going-and-coming rule makes clear that the rule is inapplicable in cases involving accidents on an employer's premises. And it also makes clear that what courts sometimes refer to as the premises rule, or premises exception, is nothing more than a shorthand description of a circumstance in which the going-and-coming rule does not apply.

¶23 The going-and-coming rule is a "judicially adopted principle" that guides courts in determining whether an accident an employee suffers while traveling between home and work occurred in the course of the employee's employment.[37] An accident occurs in the course of employment if it occurs in "the time, place, and circumstances" typical of the employee's employment.[38] For example, in *Black v. McDonald's of Layton*,[39] we explained that to "be embraced within the ambit of 'course of employment,' the injury must be received while the employee is carrying on the work which he is called upon to perform or doing some act incidental thereto."

¶24 So, to occur "in the course of" employment, an accident "must occur within the period of employment, at a place or area where the employee may reasonably be, and while the employee is

---

[36] *See, e.g.*, *Soldier Creek Coal Co. v. Bailey*, 709 P.2d 1165, 1166 (Utah 1985) (discussing the "premises rule" as an "exception" to the "going-to-and-from-work rule").

[37] *Jex*, 2013 UT 40, ¶ 18 (citing *Bailey v. Indus. Comm'n*, 398 P.2d 545, 546 (Utah 1965)).

[38] *E.g.*, *M & K Corp. v. Indus. Comm'n*, 189 P.2d 132, 134 (Utah 1948).

[39] 733 P.2d 154, 156 (Utah 1987).

engaged in an activity at least incidental to his employment."[40] This language clearly includes employees who are injured while actively engaged in the work they are assigned to do during a time, and in the place, in which they are assigned to do it. But the language applies less clearly to accidents employees suffer while traveling to or from their work.

¶25 Professor Larson discusses the difficulty presented when an accident occurs while an employee travels between home and work:

> The course of employment is not confined to the actual manipulation of the tools of the work, nor to the exact hours of work. On the other hand, while admittedly the employment is the cause of the worker's journey between home and factory, it is generally taken for granted that workers' compensation was not intended to protect against all the perils of that journey.[41]

In other words, Professor Larson has identified an inherent tension between the aim of awarding compensation for employment-caused accidents and the reluctance of courts to interpret workers' compensation statutes to encompass all accidents occurring along the entire journey between an employee's home and an employee's designated work site.

¶26 To resolve this tension, Professor Larson explains that almost every jurisdiction has adopted the following rule: "for an employee having fixed hours and place of work, going to and from work is covered only *on the employer's premises*."[42] In other words, courts have resolved this tension by adopting a compromise in which injuries suffered during the employee's travel between home and an employer's premises are not compensable, but injuries suffered on the employer's premises are.[43]

---

[40] *Id.* An activity is incidental to employment if it advances, directly or indirectly, an employer's interests. *Id.*

[41] LARSON, THE LAW OF WORKMEN'S COMPENSATION § 13.01(1) (2018).

[42] *Id.* (footnotes omitted).

[43] *See id.* (explaining that the going-and-coming rule and premises rule are opposing sides of a single "compromise" between competing workers' compensation policies).

¶27 So, under this rule, when an employee suffers an injury while traveling to or from work, the operative question becomes whether the accident occurred on the employer's premises. If the accident occurred on the employer's premises, the rule does not apply; but if it occurred off of an employer's premises, the rule applies and will bar compensation (unless a recognized exception to the rule applies). We have adopted this rule, and most commonly refer to it as the going-and-coming rule.[44]

¶28 Our decision in *North Point Consolidated Irrigation Co. v. Industrial Commission of Utah*[45] represents one of the earliest instances in which we recognized the going-and-coming rule. In that case, we cited case law from a number of jurisdictions in support of the following rule: an "injury incurred by a workman in the course of his travel to his place of work, and *not on the premises of the employer*, does not give right to participation in [a workers' compensation] fund."[46]

¶29 The rule was again acknowledged in *Bountiful Brick Co. v. Giles*.[47] In that case, the United States Supreme Court reviewed and upheld our decision to affirm an award of workers' compensation for an employee killed by a train while crossing train tracks adjacent to his work site. In upholding our decision, the Court explained that "employment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done."[48] For this

---

[44] *See, e.g., Salt Lake City Corp. v. Labor Comm'n*, 2007 UT 4, ¶ 1, 153 P.3d 179 ("The law uses the 'going and coming' rule to determine when a person acquires and abandons her status as an employee at the beginning and end of the workday."); *see also Jex*, 2013 UT 40, ¶ 18 (explaining that under the going-and-coming rule, "accidents occurring to the employee while going to and from work are generally not compensable because they are outside the course of employment" (internal quotation marks omitted)); *Soldier Creek Coal Co.*, 709 P.2d at 1166 ("Travel to and from work is not generally considered to be 'in the course of . . . employment.'" (alteration in original)).

[45] 214 P. 22 (Utah 1923).

[46] *Id.* at 24 (emphasis added) (internal quotation marks omitted).

[47] 276 U.S. 154 (1928).

[48] *Id.* at 158.

reason, the Court stated that if "the employee [is] injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance."[49]

¶30 So the decision in *Bountiful Brick* established that, while employees are on their employer's premises, travel to or from their designated work site is incidental to their employment. For this reason, an injury that occurs while the employee travels to or from a work site on an employer's premises necessarily satisfies the "in the course of" requirement as defined by our case law: it "occur[s] within the period of employment, at a place or area where the employee may reasonably be, and while the employee is engaged in an activity at least incidental to his employment."[50] Accordingly, injuries suffered while employees travel to a work site on an employer's premises satisfy the "in the course of" employment requirement.

¶31 Although our practice of awarding compensation for accidents occurring on an employer's premises is consistent with the language of the workers' compensation statute, Utah courts quickly realized that applying the going-and-coming rule to bar compensation in cases involving accidents that occurred off of an employer's premises did not always accord with the statutory

---

[49] *Id.* This opinion also has policy language that formed the foundation for one of the first exceptions to the going-and-coming rule: the special hazard exception. *Id.* The special hazard exception provides for workers' compensation benefits where an "off-premises point at which the injury occurred lies on the only route, or at least on the normal route, which employees must traverse to reach the [work site], and that therefore the special hazards of that route become the hazards of the employment." *Soldier Creek Coal Co.*, 709 P.2d at 1166 (quoting Larson, The Law of Workmen's Compensation § 15.13 (1985)).

[50] *McDonald's of Layton*, 733 P.2d at 156.

language. Consequently, over time courts created a number of exceptions to the going-and-coming rule.[51]

¶32 These exceptions had the effect of making off-premises accidents compensable in certain situations. For example, we have applied these exceptions to award compensation to a traveling employee injured off of the employer's premises because the mode of transportation was furnished by the employer for the employer's benefit.[52] And we have also granted compensation where the employee suffered an injury while upon a "special errand" or "special mission" for the employer.[53] As we explained in *Jex*, these exceptions represent "limited circumstances in which an accident in the course of 'going and coming' [to or from an employer's premises] is nonetheless within the course of employment."[54]

¶33 Because determining whether a particular exception would apply in a given case presented a fact-intensive test that was difficult to apply consistently,[55] in *Jex*, we articulated a simpler test that can be applied more consistently.[56] In so doing, we considered a number of our previous going-and-coming cases before concluding that, in those cases, "an employee is in 'the course of [her] employment' if she is injured while subject to her employer's control and while benefiting the employer."[57] Accordingly, after our decision in *Jex*, whether the going-and-coming rule will bar compensation for *off-premises* injuries depends on "two factors—employer control and benefits conferred."[58]

---

[51] *Barney v. Indus. Comm'n*, 506 P.2d 1271, 1272 (Utah 1973) (explaining that the various exceptions to the going-and-coming rule had been created over time as courts made "specific applications of the statute to particular fact situations").

[52] *Salt Lake City Corp.*, 2007 UT 4, ¶ 6.

[53] *State (Tax Comm'n) v. Indus. Comm'n of Utah*, 685 P.2d 1051, 1053 (Utah 1984).

[54] *Jex*, 2013 UT 40, ¶ 18.

[55] *Kinne v. Indus. Comm'n*, 609 P.2d 926, 927 (Utah 1980).

[56] *Jex*, 2013 UT 40, ¶¶ 16, 26–27.

[57] *Id.* ¶ 26 (alteration in original).

[58] *Id.* ¶ 27.

¶34 But our opinion in *Jex* did nothing to modify our approach to injuries suffered while an employee was travelling on his or her employer's premises. As we have explained, the going-and-coming rule stems from an understanding that accidents occurring off of an employer's premises should not be compensable under the workers' compensation statute. Thus where an employee is injured *on* his or her employer's premises, the going-and-coming rule does not apply, and the employee is considered to be in "the course of" employment. This is so because when the employee is injured on an employer's premises, the employee's "connection with employment is both 'physical and tangible.'"[59] Thus the "employer's property line provides a bright line" for determining whether the injured employee is entitled to compensation, and once an employee is found to have been injured on his or her employer's premises, no other factors need be considered.[60]

¶35 In sum, the going-and-coming rule does not apply in cases in which an employee is injured on an employer's premises. Because the Labor Commission concluded that Ms. Wilson's accident occurred on IHG's premises, it did not err in declining to consider the *Jex* factors before concluding that Ms. Wilson's accident occurred in the course of her employment.

*B. The Labor Commission did not err in concluding that Ms. Wilson's accident occurred on IHG's premises*

¶36 But IHG also argues that the Labor Commission erred in finding that IHG's premises included the parking lot at issue. The Labor Commission's finding on this point is a fact-like one, to which we grant deference. With this in mind, we must determine whether the Labor Commission erred in finding that the parking lot in which Ms. Wilson fell constituted a part of IHG's premises.[61] We conclude that it did not.

---

[59] *Soldier Creek Coal Co.*, 709 P.2d at 1167 (quoting LARSON, THE LAW OF WORKMEN'S COMPENSATION § 15.12(a) (1985)).

[60] *Id.*

[61] *See Murray v. Utah Labor Comm'n*, 2013 UT 38, ¶ 33, 308 P.3d 461 (explaining that where, "as an appellate court," we are not "in the best position to say what the 'right' answer is," we "afford deference to [the Labor Commission's] decision").

¶37 In *Bountiful Brick*, the Supreme Court stated that if an employee is injured "while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, *or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises*," the injury is compensable.[62] This provides us with an operative definition of an employer's premises for the purpose of the workers' compensation statute.

¶38 Under the rule laid out in *Bountiful Brick*, any area within the employer's premises, or any area lying in such "proximity and relation as to be in practical effect a part of the employer's premises" may be considered a part of the employer's premises for the purposes of a workers' compensation determination.[63] So we must determine whether the parking lot in this case constitutes part of the employer's premises or lies in such proximity and relation to the employer's premises to be "in practical effect" a part of the employer's premises. It does.

¶39 Utah courts have consistently considered the employer's "premises," in the workers' compensation context, to include parking lots commonly used by employees. This is so even if the employer does not actually own the location where the accident occurred. At least two Utah courts have found injuries stemming from accidents in parking lots to be covered by the scope of the Workers' Compensation Act.[64] And in *Bountiful Brick*, the Supreme Court explained that the "employer's premises" could be extended "to include adjacent premises used by the employee as a means of ingress and egress with the express or implied consent of the employer."[65] So, under our case law, parking lots are considered to be part of an employer's premises if they are used by employees, as a means of ingress and egress into the place of employment, with the express or implied consent of the employer.

---

[62] 276 U.S. at 158 (emphasis added).

[63] *Id.* According to Professor Larson, the "term 'premises' includes the entire area devoted by the employer to the industry with which the employee is associated." LARSON, THE LAW OF WORKMEN'S COMPENSATION § 13.04(1) (2018).

[64] *See Brown v. Williams*, 2017 UT App 29, 392 P.3d 919; *Hope v. Berrett*, 756 P.2d 102 (Utah Ct. App. 1988).

[65] 276 U.S. at 158.

¶40 This rule also accords with the majority rule in other jurisdictions. "[P]ractically all jurisdictions" consider parking lots to be "part of the 'premises.'"[66] This is true "whether [the lot is] within the main company premises or separated from it," or whether the parking lot is "owned, controlled, or maintained by the employer."[67] So if an employee suffers an injury in "a shopping center parking lot [that] is used by employees of businesses located in the center," then the parking lot may be considered a part of the employer's premises.[68] Based on this rule, the Labor Commission did not err in concluding that IHG's premises included, in practical effect, the parking lot at issue in this case.

¶41 In this case, the Labor Commission concluded that the parking lot constituted part of IHG's premises. Because the evidence on record supports the finding that the parking lot is used by employees, as a means of ingress or egress into their place of employment, with the express or implied consent of their employer, we cannot say the Labor Commission's determination—that the parking lot is in practical effect a part of IHG's premises—was incorrect under the applicable standard of review.[69] The accident occurred while Ms. Wilson walked through the parking lot adjacent to IHG's premises. IHG has a "nonexclusive right" to use the entire parking lot, as well as "exclusive parking rights" to certain spaces in

---

[66] LARSON, THE LAW OF WORKMEN'S COMPENSATION § 13.04(2)(a) (2018).

[67] *Id.*

[68] *Id.*

[69] As we have explained, whether "the [Labor] [C]ommission correctly or incorrectly denied benefits is 'a traditional mixed question of law and fact.'" *Jex*, 2013 UT 40, ¶ 15. And the "standard of review we apply when reviewing a mixed question can be either deferential or non-deferential." *Id.* "Deference on a mixed question is warranted when the mixed finding is *not* law-like because it does not lend itself to consistent resolution by a uniform body of appellate precedent or *is* fact-like because the [factfinder] is in a superior position to decide it." *Id.* (alteration in original) (internal quotation marks omitted). Under this standard, the Labor Commission's determinations regarding the time, place, and factual circumstances of the accident are fact-like. So we will not disturb them unless we find they are clearly erroneous.

the lot. IHG, through its HR representative, had instructed Ms. Wilson to use the parking lot, and both parties agree that IHG knew Ms. Wilson regularly parked in the parking lot. Additionally, a co-worker testified that Ms. Wilson had parked in an appropriate location. These facts provide a sufficient basis for the Labor Commission's finding that the parking lot is part of IHG's premises.

¶42 In sum, an accident must have occurred in the course of employment to be compensable under the workers' compensation statute. Where the accident occurs while the employee travels on an employer's premises this statutory requirement is met. The Labor Commission found that Ms. Wilson's accident occurred on IHG's premises, and that, under our case law, this constituted an accident in the course of her employment. We cannot say that the Labor Commission's legal conclusions were incorrect, nor can we say that its factual findings were clearly erroneous. Accordingly, we affirm the Labor Commission's determination and hold that Ms. Wilson's accident occurred in the course of her employment with IHG.

## Conclusion

¶43 The workers' compensation statute provides benefits to employees for injuries caused "by accident[s] arising out of and in the course of the employee's employment."[70] Because the accident in this case arose out, and in the course, of Ms. Wilson's employment with IHG, the workers' compensation statute entitles her to benefits. Accordingly, we affirm the Labor Commission's award of benefits.

---

[70] UTAH CODE § 34A-2-401(1).